In The United States District Court For The
Middle District of Florida, Tampa Division

Stephen Baloga, Robert Bame,
James R. Campbell, James
Campbell, Linda Davy, Gerald
Kruithoff, Richard Mansfield,
Jane Petersen, James Rotter,
Robert Schwegler, Robert
 Tattersall, and Katherine
Wimer, on behalf of themselves, the
class of current, former, and future
homeowners in the Community and
all others similarly situated,

                                  Case No.

      Plaintiffs,                       Class Action Representation
                                  And Demand For Jury Trial
Vs.                                    Injunctive Relief Sought

Lawrence W. Maxwell,
Century Realty Funds, Inc.,
CRF Management Co., Inc.,
Mark E. Schreiber, David Scott
Owens, MX Communication
Services, LLC, Baytree Partners,
LLC, Vienna Square Homeowners'
Association, Inc., The Villas at
Vienna Square Homeowners'
Association, Inc., Century
Residential, LLC, Ronald L.
Clark, Craig B. Hill, and
Clark, Campbell, Lancaster &
Munson, P.A., f/k/a Clark, Campbell &
Lancaster, P.A., f/k/a Clark, Campbell,
Mawhinney & Lancaster, P.A., f/k/a Clark,
Campbell & Mawhinney, P.A., f/k/a
Clark & Campbell, P.A.,

      Defendants.

_____/

**COMPLAINT**

Page 1

TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................................... 3

II.   JURISDICTION ........................................................................................................... 5

III.  VENUE ........................................................................................................................ 6

IV.   PARTIES ...................................................................................................................... 6
      A.   Plaintiffs ............................................................................................................ 6
           1.    Individual Plaintiffs ............................................................................... 6
      B.   Defendants ........................................................................................................ 7
           1.    Individual Defendants ........................................................................... 7
           2.    CRF Corporate Defendants .................................................................. 9
           3.    Lawyer/Law Firm Defendants ...........................................................11

V.    FACTUAL ALLEGATIONS .................................................................................. 13
      A.   Vienna Square: a CRF "Century Community" ................................................ 13
      B.   1998 Florida Statute §720.3075(1) prohibits instant clauses ............................ 14
      C.   Compelled illegal monthly "System Assessment" payment ............................. 16
      D.   Illegal Assessment nets Maxwell & Schreiber $64,000 annually...................... 23
      E.   Maxwell and Schreiber's deceptive self-promotion ......................................... 24
      F.   Vienna Square falsely described as "Continuing Care Campus" ..................... 27
      G.   Vienna Square falsely described as "Maintenance and Worry-free" ................ 31
      H.   Theft of Community funds concealed by fraudulent accounting .................... 33

VI.   CLASS ACTION ALLEGATIONS ........................................................................ 34
      A.   Plaintiff Class .................................................................................................. 34
      B.   Disability Subclass ........................................................................................... 35

VII.  MAIL AND WIRE FRAUD .................................................................................... 37

VIII. CLAIMS FOR RELIEF .......................................................................................... 40
           Count 1: **RICO** ...................................................................................... 40
           Count 2: **RICO** ...................................................................................... 49
           Count 3: **RICO** ...................................................................................... 57
           Count 4: **RICO Conspiracy** .................................................................. 59
           Count 5: **FDUTPA** ................................................................................ 63
           Count 6: **Exploitation of Elderly** ......................................................... 68
           Count 7: **ADA** ....................................................................................... 70

IX.   DEMAND FOR JURY TRIAL .............................................................................. 76

Plaintiffs, Stephen Baloga, Robert Bame, James R. Campbell, James Campbell, Linda Davy, Gerald Kruithoff, Richard Mansfield, Jane Petersen, James Rotter, Robert Schwegler, Robert Tattersall, and Katherine Wimer, on behalf of themselves, the class of current, former, and future homeowners in the Community and all others similarly situated, by and through the undersigned counsel, brings this lawsuit against Lawrence W. Maxwell, an individual, Century Realty Funds, Inc., a Florida Corporation, CRF Management Co., Inc., a Florida Corporation, Mark E. Schreiber, an individual, David Scott Owens, an individual, MX Communication Services, LLC, a Florida Limited Liability Company, Baytree Partners, LLC, a Florida Limited Liability Company, Vienna Square Homeowners' Association, Inc., a Florida Corporation, The Villas at Vienna Square Homeowners' Association, Inc., a Florida Corporation, Century Residential, LLC, a Florida Limited Liability Company, Ronald L. Clark, an individual, Craig B. Hill, an individual, and Clark, Campbell, Lancaster & Munson, P.A., f/k/a Clark, Campbell & Lancaster, P.A., f/k/a Clark, Campbell, Mawhinney & Lancaster, P.A., f/k/a Clark, Campbell & Mawhinney, P.A., f/k/a Clark & Campbell, P.A., a Florida Corporation, collectively referred to herein as "Defendants," and alleges:

I.   **INTRODUCTION**

1.   This is a class action brought under the federal Racketeer Influenced and Corrupt Organization ("RICO") statute, 18 U.S.C. § 1961, *et seq.*, and various other state common law doctrines or statutes.

2.   This action arises out of Defendants' fraudulent and conspiratorial acts to illegally manipulate Homeowner Association Documents in a retirement community with approximately 200 elderly home purchasers to cause those same elderly home purchasers to be:

a.      **forced into paying a monthly illegal System Assessment** averaging $90 per month for non-essential Cable TV and Security Monitoring until the end of time. Defendants engaged in this conduct despite a clear statutory prohibition on clauses in Homeowner Association Documents which either give the developer control or have the effect of giving the developer control for any community created after October 1, 1998 - a full seven years before Vienna Square was created by the developer-defendants Larry Maxwell, Mark Schreiber, Century Realty Funds, Inc., CRF Management Co., Inc., MX Communication Services, LLC, and Century Residential, LLC. This illegal and fraudulent behavior occurred between 2006 through the termination of the conduct in 2017. The termination of the conduct in Vienna Square was precipitated by the 2017 settlement of a 2014 mirror-image federal lawsuit[1] in a nearby Polk County community of Lake Ashton owned and operated by the Defendants Larry Maxwell, Mark Schreiber, Century Realty Funds, Inc., CRF Management Co., Inc., MX Communication Services, LLC, and Century Residential, LLC. In the Fall of 2017 MX Communication Services, LLC, noticed the Plaintiffs via U.S. mail that it was ceasing operations and would no longer levy the illegal system assessment on the Plaintiff homeowners.

b.      **deceived by fraudulent marketing that the Vienna Square community is a "Continuing Care Campus,"** where the Plaintiffs, many of whom are senior or elderly citizens and were susceptible to a promise of an adjacent assisted living facility with preferential and or discounted admission and ala carte services such as food preparation, delivery, house cleaning, and nursing care to help Plaintiffs transition into older age or infirmity.

c.      **deceived by fraudulent marketing that the Vienna Square Community is a "maintenance and worry-free" Community.** The Plaintiff homeowners are damaged by the Defendants refusal to maintain the common areas, including, but not

_____

1       *Richard Burns, et al., v. Lawrence W. Maxwell, et al.,* No. 8:14-cv-02793-MSS-TGW (M.D. Fla. 2014)

limited to: allowing extensive storm water flow to intrude onto the lots and into homes bordering retention ponds, despite Defendants promises that the Community would be "maintenance and worry free."

      d.      **deceived by Defendants' illegal manipulation of the Community homeowner associations' funds and vague, ambiguous, or deliberately inaccurate accountings to conceal the theft of significant monies** from the reserve and general funds of those homeowner associations.

      3.      Plaintiffs request a declaratory judgment that Defendants' conduct violates various Federal and Florida laws, and seeks an award of actual, statutory, and to the extent permitted, punitive damages for themselves and each member of the Class.

## II.      JURISDICTION

      4.      This action is brought under the federal Racketeer Influenced and Corrupt Organization ("RICO") statute, 18 U.S.C. § 1961, *et seq.*, which the Court has jurisdiction to enforce pursuant to 47 U.S.C. § 401(b), and various other state common law doctrines or statutes. Jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1331. Plaintiffs' claims brought under state law are so related to Plaintiffs' federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy. Under Article III of the United States Constitution, the Court has supplemental jurisdiction over Plaintiffs' related state common law and statutory claims pursuant to 28 U.S.C. § 1367. The Plaintiffs seek damages and declaratory relief pursuant to 28 U.S.C. § 2201.

      5.      In the alternative, the ends of justice require that the Court exercise personal jurisdiction over all Defendants pursuant to 18 U.S.C. § 1965(b) in that the Court has personal jurisdiction over at least one defendant, (2) the defendants engaged in a multi-district conspiracy, and (3) there is no other district in which a Court would have personal jurisdiction over all of the defendants.

### III.   VENUE

6.      A substantial part of the events and omissions giving rise to the claims stated herein occurred in this District and a substantial part of the property that is the subject of this action is situated in this District. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) and pursuant to 18 U.S.C. § 1965(b).

### IV.   PARTIES:

#### A.   Plaintiffs

7.      Plaintiffs Stephen Baloga, Robert Bame, James R. Campbell, James Campbell, Linda Davy, Gerald Kruithoff, Richard Mansfield, Jane Petersen, James Rotter, Robert Schwegler, Robert Tattersall, and Katherine Wimer, are elderly retiree homeowners who were solicited by Defendants to visit and purchase site-built homes in the Polk County subdivision known as Vienna Square. Defendants intended to impress the elderly prospective home buyers by building an attractive community and attendant facilities, including: a large clubhouse, a health and fitness center, pool, tennis court, and an adjacent assisted living facility.

8.      Most Plaintiffs had experienced the home-buying process before. Some were new to the process. Regardless, everyone was made to feel welcome by the superficially friendly sales staff at Vienna Square. Most Plaintiff homebuyers report that there was a dizzying flurry of activity and paperwork (much of it in small type) or in legalese nearly indecipherable to laypersons.

**B.**     **Defendants:**

**1.**     **Individual Defendants**

9.     Defendant **Lawrence W. Maxwell** ("Larry Maxwell") is an individual domiciled at either 5375 Luce Rd., Lakeland, Polk County, Florida or 73 Mountain Lake, Lake Wales, Polk County, Florida. Larry Maxwell, along with Defendant Mark E. Schreiber, and their affiliated co-defendant entities are the developers of Vienna Square. Larry Maxwell is Chairman of Defendant Century Realty Funds, Inc., and has served as Chairman, President, Vice President, and director from 1995 to the present. In March 2005, he caused William Drost as Vice President of Defendant CRF Management, Co., Inc., to form Defendant Baytree Partners, LLC and became its managing member. In June 2006, he caused Benjamin Falk and Larry Maxwell's son, Lawrence T. "Todd" Maxwell, and Mark E. Schreiber to form the initial Board of Directors for Defendants Vienna Square Homeowners' Association, Inc., and The Villas at Vienna Square Homeowners' Association, Inc., in the Community. Benjamin Falk, Todd Maxwell, and Mark E. Schreiber continue to serve as officers and directors of the two incorporated homeowners' associations through all dates preceding the filing of this action. Significantly, the turnover of control of the two incorporated homeowners' associations from Defendants-developers Larry Maxwell and Mark E. Schreiber has not yet occurred.

10.     Defendant **Mark E. Schreiber** ("Mark Schreiber") is an individual who currently resides in Polk County, Florida. Mark Schreiber and Defendant Larry Maxwell are the developers of Vienna Square. In 2009 Mark Schreiber, through Defendant Century Residential, LLC became the managing member of Defendant MX Communication.

a.   Mark Schreiber served from 2008 to 2010 as Vice President of CRF Management. In 2009 Mark Schreiber, as Vice President of CRF Management, formed and became the managing member of Defendant Century Residential, LLC. On September 18, 2009, Mark Schreiber, as managing member of Defendant Century Residential, LLC, became the managing member of Defendant Baytree Partners, LLC and has continued to serve as managing member. On August 9, 2010, Mark Schreiber, then Vice President of CRF Management, became the new general partner of CRF Management.

b.   Mark Schreiber served as a director of Defendants Vienna Square Homeowners' Association, Inc., and The Villas at Vienna Square Homeowners' Association, Inc. Mark Schreiber appointed David Scott Owens and his son, Austin Schreiber, on the board of directors of both the Vienna Square Homeowners' Association, Inc., and the Villas at Vienna Square Homeowners' Association, Inc.

c.   Mark Schreiber negotiated Cable TV deals between MX Communication Services, LLC and Time Warner Entertainment, d/b/a BrightHouse ("BrightHouse") in 2002 and 2006; and security monitoring deals between MX Communication Services, LLC and ADT Security Services, Inc., ("ADT") in 2003.

11.    Defendant **David Scott Owens** ("Scott Owens") is an individual who currently resides or works at 4220 Dunmore Dr., Winter Haven, Polk County, Florida. Scott Owens is a Vice President of Century Residential, LLC, from 2010 through the present. Scott Owens is a Vice President of CRF Management Co., Inc., from 2008 through 2009. Scott Owens was a Director and Vice President of The Villas at Vienna

Square Homeowners' Association, Inc., from 2010 through the present.

> **2.**     **CRF Corporate Defendants**

12.     Defendant **Century Realty Funds, Inc.** ("CRF") is a Florida corporation with its principal place of business located at 500 S. Florida Ave., Suite 700, Polk County, City of Lakeland, Florida. CRF is the corporate entity at the center of the Century Communities and is the parent company of the other subsidiary co-defendant entities. Larry Maxwell is Chairman of CRF and has served as Chairman, President, Vice President, and director from 1995 to 2014. Todd Maxwell has been a Vice President of CRF since 1995. In 1999 Todd Maxwell became President of CRF and served as such until 2010. He has also been a director of CRF.

13.     Defendant **CRF Management Co., Inc.** ("CRF Management") is a Florida Corporation, and engaged in business at 500 S. Florida Avenue, Ste. 700, Lakeland, Polk County, Florida. Todd Maxwell formed CRF Management in 2000 and established CRF as its first General Partner. Subsequently, in 2010, Larry Maxwell substituted Mark E. Schreiber through Century Residential, LLC ("Century Residential") as the new General Partner of CRF Management. Mark E. Schreiber, through Century Residential has continued to act as General Partner though the present date.

14.     Defendant **MX Communication Services, LLC** ("MX Communication"), is a Florida Limited Liability Company, was engaged in business at 500 S. Florida Avenue, Ste. 700, Lakeland, Polk County, Florida. Todd Maxwell has been Managing Member of MX Communication from 2001 through 2009. Mark Schreiber has been Managing Member of MX Communication from 2009 to the present date. MX Communication Services was formed to act as the contractual intermediary between Defendants Larry Maxwell and Mark Schreiber and BrightHouse and ADT. MX Communication was also the recipient of the monthly System Assessment payments by

the Plaintiffs. MX Communication is owned by the family partnerships of Defendants

Larry Maxwell and Mark Schreiber. Revenue was generated by the System Assessment,

collected by Defendant MX Communication, and, then the profits were distributed

to Defendants Larry Maxwell and Mark Schreiber through their family partnerships.

MX Communication is a telecommunication and security monitoring service provider

only in the context of its contractual relationships with BrightHouse and ADT. MX

Communication has no full-time employees; has never had an employee dig a ditch; and

has never installed an antenna or television computer service or security monitoring

device. MX Communication has no fixed expenses but purported to have paid a modest

sales tax (approximately 4%) on the revenue generated by monthly payments of $90 from

approximately 100 Plaintiffs at Vienna Square approximating $100,000 Annually. After

paying BrightHouse and ADT their share of a total of approximately $37 per month, MX

Communication profited by approximately $64,000 annually between 2006 and 2017:

totaling over $650,000 in net profit from the System Assessment alone.

     15.    Defendant **Baytree Partners, LLC** ("Baytree Partners") is a Florida

Limited Liability Company engaged in business at 500 S. Florida Avenue, Ste. 700,

Lakeland, Polk County, Florida. Baytree Partners handled home sales to Plaintiffs. Larry

Maxwell formed Baytree Partners in 2000. Mark Schreiber has been Managing Member

of Baytree Partners from 2009 to the present date.

     16.    Defendant **Vienna Square Homeowners' Association, Inc.** ("Vienna

Square HOA") is a Florida Corporation and is engaged in business at 1387 Vienna Square

Dr., Winter Haven, Polk County, Florida. The Vienna Square HOA was formed in June

2006 by initial incorporators Mark Schreiber, Todd Maxwell, and Benjamin Falk. Todd

Maxwell was replaced as Director in 2011. Mark Schreiber appointed Scott Owens and his

son, Austin Schreiber, on the board of directors of the Vienna Square HOA.

17.     Defendant **The Villas at Vienna Square Homeowners' Association, Inc.** ("Villas HOA") is a Florida Corporation and is engaged in business at 1387 Vienna Square Dr., Winter Haven, Polk County, Florida. The Villas HOA was formed in June 2006 by initial incorporators Mark Schreiber, Todd Maxwell, and Benjamin Falk. Todd Maxwell was replaced by Larry Maxwell as Director in 2011. Mark Schreiber appointed Scott Owens and his son, Austin Schreiber, on the board of directors of the Villas at Vienna Square Homeowners' Association, Inc.

18.     Defendant **Century Residential, LLC** ("Century Residential"), a Florida Limited Liability Company, is engaged in business at 500 S. Florida Avenue, Ste. 700, Lakeland, Polk County, Florida. Century Residential handled homes sales to Plaintiffs. From 2010 to date, Century Residential is the General Partner of Defendant CRF Management. Schreiber has been Managing Member of Century Residential since 2009.

**3.     Lawyer/Law Firm Defendants**

19.     Defendant **Ronald L. Clark** ("Ronald Clark") is an individual who currently resides in Polk County, Florida. He is an attorney licensed to practice in Florida since December 12, 1975. He is senior partner to Defendant Clark, Campbell, Lancaster & Munson, P.A. (hereafter collectively referred to as "Clark Campbell Law Firm"). Ronald Clark drafted Homeowner Association Documents which incorporated and concealed all of the restrictions upon the Plaintiffs' legal authority to modify or terminate the System Assessment in a dizzying and nearly incomprehensible use of legalese in 139 pages of single-spaced Homeowner Association Documents. Ronald Clark co-formed (with Clark, Campbell, Lancaster & Munson, P.A.) entities and provided legal services purporting to cloak the Defendants and those entities that clustered around CRF Communities and Defendants with an air of legitimacy.

20.    Defendant **Craig B. Hill** ("Craig Hill") is an individual who currently resides in Polk County, Florida. He currently resides in Polk County, Florida. He is an attorney licensed to practice in Florida since September 2001. He was an associate with the Clark Campbell Law Firm until 2010. Craig Hill drafted Homeowner Association Documents which incorporated and concealed all of the restrictions upon the Plaintiffs' legal authority to modify or terminate the System Assessment in a dizzying and nearly incomprehensible use of legalese in 139 pages of single-spaced Homeowner Association Documents. Craig Hill, along with Ronald Clark co-formed (with or on behalf of the Clark Campbell Law Firm) entities and provided legal services purporting to cloak the Defendants and those entities that clustered around CRF Communities and Defendants with an air of legitimacy.

21.    Defendant **Clark, Campbell, Lancaster & Munson, P.A.** ("Clark Campbell Law Firm.") is a Florida Corporation which operates at Century Plaza, 500 S. Florida Avenue, Suite 800, Lakeland, Polk County, Florida. Ronald Clark has been President and Director of Clark Campbell Law Firm since 1988. Clark Campbell Law Firm drafted Homeowner Association Documents which incorporated and concealed all of the restrictions upon the Plaintiffs' legal authority to modify or terminate the System Assessment in a dizzying and nearly incomprehensible use of legalese in 139 pages of single-spaced Homeowner Association Documents. Clark Campbell Law Firm also co-formed (with Ronald Clark) entities and provided legal services purporting to cloak the Defendants and those entities that clustered around CRF Communities and Defendants with an air of legitimacy.

22.    Larry Maxwell, Mark Schreiber, and Scott Owens are collectively referred to as the "Individual Defendants." CRF, CRF Management, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, and Villas HOA are collectively referred to as "CRF Corporate Defendants," and Ron Clark, Craig Hill, and

Clark Campbell Law Firm are collectively referred to here as the "Lawyer/Law Firm Defendants." All defendants are collectively referred to as "Defendants."

## V.  FACTUAL ALLEGATIONS

### A.  Vienna Square: a CRF "Century Community"

23.  Larry Maxwell and Mark Schreiber were long-term friends, hunting companions, and business colleagues. Together and through Larry Maxwell's main corporate entity, CRF, he and Mark Schreiber entered into various real estate partnership projects in Polk County and Central Florida over the past twenty plus years.

24.  Larry Maxwell and Mark Schreiber extensively discussed creating a retirement community in Polk County owned in part by Schreiber and/or entities owned, operated, or managed by companies affiliated with Larry Maxwell and Mark Schreiber. These entities were and are currently marketed to the public as retirement community real estate developers under the general trade name of "Century Communities."

25.  Included in the "orbit" of CRF Communities were various legal entities (including limited liability companies, partnerships, limited partnerships, family partnerships, and corporations) that were traditionally setup at the behest and direction of Larry Maxwell and Mark Schreiber by Ronald Clark, Craig Hill, and their law firm, Clark Campbell Law Firm.

26.  Larry Maxwell and Mark Schreiber left the formation (including naming) and organization of those legal entities to Ronald Clark and Craig Hill. As was typical with projects they worked on together, those entities also used Ronald Clark, Craig Hill, the Clark Campbell Law Firm or Peter McFarlane, Esq., as Registered Agent or counsel.

27.  In every instance, the place of business for these entities was at the Century Plaza, 500 S. Florida Avenue, Lakeland, Florida. That same building is owned by CRF or an affiliated company and has housed the bulk of CRF's administrative

employees, corporate officers or directors, and lawyers (e.g., Ronald Clark, Craig Hill, Clark Campbell Law Firm, and attorney Peter McFarlane) - all of whom service Larry Maxwell and CRF. In most instances, the various and numerous entities comprising CRF Communities used the same office suites and telephone numbers as part of their business address and contact information.

28.     Larry Maxwell and Mark Schreiber planned the concept of Vienna Square, which was expected to include 200 site-built homes, a large and impressive clubhouse, pool, and offices (for sales staff and homeowner activities).

29.     Of these, Larry Maxwell and Mark Schreiber planned to retain long-term ownership of the sales office. It was to be supported through homeowner membership fees paid to entities set up with the assistance and direction of Ronald Clark, Craig Hill, and the Clark Campbell Law Firm.

30.     On December 11, 2000 and with the assistance and direction of Ronald Clark and the Clark Campbell Law Firm, Larry Maxwell's son, Todd Maxwell formed the limited partnership of CRF Management. Todd Maxwell, as President of CRF and general partner, contributed $1,000 in capital contributions to CRF Management.

**B.     1998 Florida Statute §720.3075(1) prohibits instant clauses**

31.     Since October 1, 1998 and by enactment of *Fla. Stat.* §720.3075(1), the Florida Legislature "… declared that the public policy of this state prohibits the inclusion or enforcement of certain types of clauses in Homeowners association documents, including declaration of covenants, articles of incorporation, bylaws, or any other document of the association which binds members of the association, which either have the effect of or provide that:

Page 14

> (a) **A developer has the unilateral ability and right to make changes to the Homeowners association documents after the transition of Homeowners association control** in a community from the developer to the nondeveloper members, as set forth in s. 720.307, has occurred.
>
> (b) A Homeowners association is prohibited or restricted from filing a lawsuit against the developer, or the Homeowners association is otherwise effectively prohibited or restricted from bringing a lawsuit against the developer.
>
> (c) After the transition of Homeowners association control in a community from the developer to the nondeveloper members, as set forth in s. 720.307, has occurred, a developer is entitled to cast votes in an amount that exceeds one vote per residential lot.

*Fla. Stat.* § 720.3075(1) (Emphasis Added)

32. Further, the prohibited clauses themselves were explicitly declared " ... null and void as against the public policy of this state. *Fla. Stat.* § 720.3075(1).

33. In July 2013, the Florida Legislature amended *Fla. Stat.* § 720.3075 to add Section (5):

> It is declared the public policy of the state that **prior to transition of control** of a Homeowners association in a community from the developer to the nondeveloper members, as set forth in s. 720.307, the right of the developer to amend the association's governing documents is subject to a test of reasonableness, which **prohibits the developer from unilaterally making amendments to the governing documents that are arbitrary, capricious, or in bad faith**; destroy the general plan of development; prejudice the rights of existing nondeveloper members to use and enjoy the benefits of common property; **or materially shift economic burdens from the developer to the existing nondeveloper members.**

*Fla. Stat.* § 720.3075(5) (Emphasis Added)

34. *Fla. Stat.* § 720.301(6) defines the term "developer" to mean " ... a person or entity that:

(a)    Creates the community served by the association; or

(b)    Succeeds to the rights and liabilities of the person or entity that created the community served by the association, provided that such is evidenced in writing.

### C.    Compelled Illegal monthly "System Assessment" payment

35.    In 2006, Defendants Larry Maxwell and Mark Schreiber (collectively referred to as "Developers") created a retirement community called "Vienna Square" in Polk County, Florida. Expecting to build and sell more than 250 homes in various phases, Larry Maxwell and Mark Schreiber marketed recreational facilities offering Defendants Larry Maxwell and Mark Schreiber a lifetime revenue source, were to be privately owned and managed through a layer of corporations, LLCs, and limited partnerships, all to the benefit of Defendants Larry Maxwell and Mark Schreiber.

36.    In creating the legal entities supporting this project, Defendants Larry Maxwell and Mark Schreiber involved Larry Maxwell's son, Lawrence T. "Todd" Maxwell, their attorneys, Ronald Clark, Craig Hill, and their law firm, Clark Campbell Law Firm. At any given time during the sale and building of homes at Vienna Square, Todd Maxwell and Defendants Larry Maxwell and Mark Schreiber held positions in numerous legal entities formed by Ronald Clark, Craig Hill, and Clark Campbell Law Firm to serve discrete tasks around the Vienna Square community. Todd Maxwell, for example, served as President of CRF, CRF Management, Managing Member of MX Communication (through his office as President of CRF Management), and various other entities. Mark Schreiber served as Managing Member of various LLCs (including Baytree Partners, Century Residential, and MX Communication) and CRF Management dedicated to supporting the sale of homes at Vienna Square. Larry Maxwell was Chairman of CRF and the center of "Century Communities." Larry Maxwell and Mark Schreiber were the final authorities on anything that affected these organizations and the Vienna

Square community. All of these legal entities operated out the same building, the same or adjacent office suites, and used the same registered agents, and attorneys: notably Ronald Clark, Craig Hill, and Clark Campbell Law Firm.

37.    Prior to 2006, Developer-Defendants Larry Maxwell and Mark Schreiber planned the formation of a legal entity to handle the contractual responsibility to secure a lifetime revenue stream from Cable TV and security monitoring. This entity was to be privately held to benefit Defendants Larry Maxwell and Mark Schreiber through a pair of family partnerships formed to receive and distribute revenues from a "System Assessment" to MX Communication Services, LLC. One of the two family partnerships, for example, The M&K Schreiber Family Partnership, Ltd. was formed on April 30, 2001.

38.    Ronald Clark helped his long-term client Larry Maxwell and Mark Schreiber secure a lifetime revenue collected by MX Communication through the payment of the System Assessment by Plaintiffs ... forever. The Florida Legislature clearly prohibited the inclusion or enforcement of clauses in the Homeowner Association Documents (prepared by Ronald Clark, Craig Hill, and Clark Campbell Law Firm) which " ... either have the effect of or provide that ... [a] developer has the unilateral ability and right to make changes to the Homeowners association documents after the transition of Homeowners association control ... " for communities created after 1998. Realizing the significance of a limited liability company structure, Ronald Clark and Clark Campbell Law Firm, with the assistance of Todd Maxwell, as President of CRF Management, formed MX Communication for the purpose of circumventing the legislative prohibitions. And, if anyone looked closely at MX Communication, no one would confuse Larry Maxwell or CRF Management with Larry Maxwell and Mark Schreiber, the developers of Vienna Square. And, if someone looked closely at CRF Management, they would not see Mark Schreiber and would only see Larry Maxwell twice removed through a corporate or LLC entity. In no public document was there an indication that the revenue from MX

Communication was flowing into Larry Maxwell and Mark Schreiber's hands through their respective family partnerships. Both Larry Maxwell and Mark Schreiber's limited family partnerships were formed with the assistance of Ronald Clark and Clark Campbell Law Firm.

39.     The next step for Ronald Clark, Craig Hill, and Clark Campbell Law Firm was to ensure that no one understood the relationship between MX Communication and Larry Maxwell and Mark Schreiber, the developers of Vienna Square. Having embraced the corporate or LLC entity mask it was necessary to not disclose the ownership and relationship but still weave the legal requirements for the Plaintiffs to pay the System Assessment into the Homeowner Association Documents. Largely legalese and nearly incomprehensible to the elderly Plaintiffs, Ronald Clark, Craig Hill, and Clark Campbell Law Firm were careful to sprinkle the restrictions on modifying or terminating MX Communication throughout the Homeowner Association Documents with only an occasional heading so as to not signal that protection of the System Assessment was the single most important element of the Homeowner Association Documents to Defendants Larry Maxwell, Mark Schreiber, Ronald Clark, Craig Hill, and Clark Campbell Law Firm. The Homeowner Association Documents were recorded December 4, 2006.

40.     From the very beginning of discussions and plans for Vienna Square, Larry Maxwell and Mark Schreiber knew that they would provide cable television and security monitoring services to encourage sales of homes. Early discussions between Larry Maxwell and Mark Schreiber focused on how they, as developers, were going to realize long-term substantial revenue from the System Assessment imposed upon these elderly plaintiffs ostensibly for the receipt of cable televison from BrightHouse and security monitoring services from ADT. At their deposition in 2014, Larry Maxwell and Mark Schreiber testified that they never intended to relinquish control over or terminate the receipt of the System Assessment. The System Assessment, which increased annually,

was to continue to provide revenues unabated as long as homes existed at Vienna Square.

41.     Ronald Clark, Craig Hill, and the Clark Campbell Law Firm, at the direction and behest of Defendants Larry Maxwell and Mark Schreiber, prepared, executed and recorded provisions of the Homeowners Association Documents which purported to benefit MX Communication to the detriment of Plaintiffs.

42.     These provisions were carefully woven into the tapestry of the 139 pages of single-spaced Homeowners Association Documents, which were largely indecipherable legalese, and in such a manner so as to not call attention to Plaintiffs' inability to change or eliminate the System Assessment. In those Homeowners Association Documents, MX Communication was granted exclusivity and sole and absolute discretion over all aspects of the System Assessment, including, for example:

    a.  Exclusive Permanent Cable TV and Security Easement;

    b.  Sole and Absolute Discretion to Consent to Modification or Termination of Governing Documents;

    c.  Absolute Exclusive Right to Provide Future Services Subject to Assessment;

    d.  Exclusive Provisions of Governing Documents Declared Beyond Authority of Homeowners Association;

    e.  Exclusive Provisions of Governing Documents Declared to "Run With the Land";

    f.  Master Declaration and Assessment: Declared to Be "Fair and Reasonable";

    g.  "Sole Discretion" to Determine Increases in Telecommunications "System Assessments";

    h.  Lot Owners Delinquent in Payment of System Assessments Denied Vote on Association Matters;

    i.     Exclusive Absolute Right to Foreclose Lien;

    j.     Lien for Delinquent Assessment, Interest, Late Penalties, and Attorney's Fees;

    k.    Homeowners Association Required to Obtain Super-Majority Consent Before Even Contracting For Payment of Legal Fees for Lawsuit Against the Defendants;

    l.     Defendants Entitled to Cast Votes in An Amount that Exceeds One Vote Per Residential Lot.

43.    On or about December 4, 2006, CRF Management, Baytree Partners, LLC, Larry Maxwell, and CRF recorded Vienna Square Homeowners Association Documents. These recorded Homeowner Association Documents contain numerous provisions that violate Section 720.3075(1), *Fla. Stat.*

44.    Section 7.2 of the Homeowners Association Documents granted, in violation of Section 720.3075(1)(a), *Fla. Stat.*, a permanent easement to MX Communication, and its successors, assignees and licensees, for the installation, construction, and maintenance of "... one (1) or more cable and/or telecommunications receiving and distribution systems and electronic surveillance systems, emergency, medical, security, and surveillance monitoring, or alarm systems ..."

45.    Section 7.3 of the Homeowners Association Documents reserved, in violation of Section 720.3075(1)(a), *Fla. Stat.*, the right to Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, and Villas HOA to enter into a contract with MX Communication for the exclusive provision of Cable TV and Security.

46.    Section 7.4 of the Homeowners Association Documents prohibits, in violation of Section 720.3075(1)(a), *Fla. Stat.*, the modification or amendment of the Homeowners Association Documents relating to MX Communication "... without the

consent of MX or its assigns."

47.     Section 9.8 of the Homeowners Association Documents prohibits, in violation of Section 720.3075(1)(a), *Fla. Stat.*, the Vienna Square HOA from modifying the Cable TV and security assessment without the consent of MX Communication "... which MX may withhold in its sole and absolute discretion..."

48.     Section 15.12 of the Homeowners Association Documents purports to prohibit, in violation of Section 720.3075(1)(a), *Fla. Stat.*, the Vienna Square HOA from making any amendment to the Homeowners Association Documents that affects any of "MX's rights" without the consent of MX "... which MX may withhold in its sole and absolute discretion..."

49.     Section 15.2 of the Homeowner Association Documents prohibits, in violation of Section 720.3075(1)(a), *Fla. Stat.*, the termination of the Homeowner Association Documents without the consent of MX Communication "... which may be withheld in MX's sole and absolute discretion..."

50.     Section 9.8 of the Homeowners Association Documents grants, in violation of Section 720.3075(1)(a), *Fla. Stat.*, an absolute right to MX Communication to provide other services in the future for which the Lot or Living Unit Owners will be subject to additional assessments.

51.     Section 7.4 of the Homeowners Association Documents reserves, in violation of Section 720.3075(1)(a), *Fla. Stat.*, the right in Defendants "... in perpetuity to amend the Governing Documents in any way convenient or necessary to MX for it to carry out its obligations ..."

52.     Section 7.4 of the Homeowners Association Documents asserts the Lot or Living Unit Owner and the Vienna Square HOA acknowledge, in violation of Section 720.3075(1)(b), *Fla. Stat.*, that the provisions herein relating to the assessments for home security monitoring and cable television are "... unrelated to the operation, maintenance,

or management of the Association or Common Areas ....”

53.    Section 15.1 of the Homeowners Association Documents declares, in violation of Section 720.3075(1)(b), *Fla. Stat.*, that: “The covenants, conditions, easements and restrictions in this [Homeowners Association Documents] shall run with and bind the Lands ...”

54.    Section 7.4 of the Homeowners Association Documents asserts that the Lot or Living Unit Owner and the Vienna Square HOA acknowledge, in violation of Section 720.3075(1)(b), *Fla. Stat.*, that the provisions herein relating to the assessments for home security monitoring and cable television “... are fair and reasonable.”

55.    Section 7.4 of the Homeowners Association Documents expressly declares, in violation of Section 720.3075(1)(b), *Fla. Stat.*, that the assessment itself is “fair and reasonable.”

56.    Section 7.4 of the Homeowners Association Documents established, in violation of Section 720.3075(1)(a), *Fla. Stat.*, a monthly system assessment for home security monitoring and basic cable television. That assessment “... will be increased from time to time at the sole discretion of MX or its assigns but will not materially exceed rates ...” for similar services in Polk County.

57.    Section 4.1(A) of the Homeowners Association Documents precludes, in violation of Section 720.3075(1)(b), *Fla. Stat.*, delinquent members of the Vienna Square HOA from voting on Association matters.

58.    Section 9.8 of the Homeowners Association Documents grants, in violation of Section 720.3075(1)(a), *Fla. Stat.*, to MX Communication a right to “... fix, levy, collect and enforce ...” the assessment. The Vienna Square HOA assigns to MX Communication the Vienna Square HOA’s rights and powers to perfect and foreclose a lien for delinquent members.

59.    Section 9.8 of the Homeowners Association Documents grants, in

violation of Section 720.3075(1)(a), *Fla. Stat.*, to MX Communication a right to "... fix, levy, collect and enforce ..." the assessment.

60.     Section 9.9 of the Homeowners Association Documents grants, in violation of Section 720.3075(1)(a) and (b), *Fla. Stat.*, to MX Communication a lien against Plaintiffs' home for "... any unpaid past due System Assessments, together with interest, late payment penalties and reasonable attorneys' fees incurred by MX in enforcing the lien."

61.     Section 3.8 of the Homeowners Association Documents had the effect of or provided, in violation of Section 720.3075(1)(b), *Fla. Stat.*, that the Vienna Square HOA must obtain a super-majority of two-thirds consent of the homeowners before even contracting for payment of legal fees for any lawsuit against Defendants.

62.     Section 4.1 of the Homeowners Association Documents had the effect of or provided, in violation of Section 720.3075(1)(c), *Fla. Stat.*, that the Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, and Century Residential are entitled to three (3) votes for each lot owned subject to certain conditions, including when the Baytree Partners, LLC "... in its sole and absolute discretion, so determines."

**D.     Illegal System Assessment nets Maxwell & Schreiber $64,000 annually**

63.     And with the illegality of MX Communication's System Assessment revenue stream quietly and completely shielded from view and change, Larry Maxwell and Mark Schreiber were ready to make a deal for Cable TV and security monitoring: a crucial element of their anticipated home sales. In April 2002, Todd Maxwell, as Managing Member of MX Communication, executed a contract with Time Warner Entertainment, d/b/a BrightHouse ("BrightHouse"), which provided a bulk rate of $20.00 per month per household for Cable TV service at Vienna Square. In February

2006, Todd Maxwell renewed that contract for fifteen years at a bulk rate of $21.95 per month per household. In renewing the contract, Todd Maxwell executed it in the name of a non-existent entity: he omitted the word "Services" from MX Communication's proper legal name (MX Communication Services, LLC) and instead used "MX Communication, LLC." According to the Florida Department of State, the entity, MX Communication, LLC has never existed and does not currently exist.

64. In January 2003, Todd Maxwell, on behalf of MX Communication Services, LLC, executed a contract with ADT Security Services, Inc., ("ADT") which provided a bulk rate of $15.00 per month per household for security monitoring service at Vienna Square.

65. In a deposition in April 2014, Todd Maxwell testified that he did not negotiate those contracts with BrightHouse or ADT. Rather, he testified that Mark Schreiber negotiated both contracts as Mark Schreiber was "involved" with MX Communication from the "beginning." Todd Maxwell continued to act as the managing member of MX Communication through 2009. Todd Maxwell incorporated both the Vienna Square HOA and Villas HOA on June 7, 2006.

**E.     Maxwell and Schreiber's deceptive self-Promotion**

66. During his service as President of CRF from 1999 until 2010, Todd Maxwell also served as President of two other affiliated entities, CRF Management, and Mobile Home Lifestyles, Inc.

67. Todd Maxwell advertised and promoted the Community as part of the "CRF Communities" which, along with CRF, were described as "Florida's premier developer of affordable award-winning active-adult communities."

68. According to Sunshine State Senior Citizen Magazine, CRF was "recognized nationally" as "Manufactured Home Community Developer/Operator of the Year" and among the "Top 50 Outstanding Master-Planned Residential Developments'

for active adults!"

69.     Prior to the award, Sunshine State Senior Citizen Magazine, and its associated trademark (inactive since 1959), were acquired by Todd Maxwell through another of his corporate shells: Mobile Home Lifestyles, Inc.

70.     On or about the following dates and continuously since those dates, Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, or Villas HOA caused the following marketing brochures and correspondence to be published or distributed to Plaintiffs and the public via United States mail. These materials misrepresented that: "CRF Communities have been recognized nationally among the 'Top 50 Outstanding Master-Planned Residential Developments' for active adults!" These materials were mailed by Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, or Villas HOA and received by Plaintiffs in 2006 through the present. Since these dates these brochures have been continuously mailed to prospective homeowners and handed out in the community through the present date. Further, these misrepresentations are still on the Defendants' websites as of the date of service of this Complaint.

71.     CRF's receipt of this fictitious award was foreseeably republished by other magazines. For example, the July/August 2005 issue of Where to Retire Magazine published a CRF advertisement that stated: Lifestyle Choices for the Active Adult … "Here are a few important facts we think you should know about CRF Communities …" … "Recognized nationally among the 'Top 50 Outstanding Master-Planned Residential Developments' for active adults!"

72.     On or about the following dates, Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners,

Century Residential, Vienna Square HOA, and Villas HOA caused the following marketing brochures to be published or distributed to Plaintiffs and the public via the Internet stating: "CRF Communities have been recognized nationally among the 'Top 50 Outstanding Master-Planned Residential Developments' for active adults!" In particular, this misrepresentation was published via the Internet as follows:

> Date: 06/11/2013
> *Choose Florida 55 Mobile Home Communities From Award Winning CRF Communities For The Best In Today's Active Adult Lifestyles*
> Weblink: <http://crfcommunities.com/Choose-Florida-55-Mobile-Home-Communities-From-Awa.htm>

> Date: 01/15/2013
> *Active Retirement Communities Cater To Today's Seniors*
> Weblink: <http://crfcommunities.com/Active-Retirement-Communities-Cater-To-Todays-Sen.htm>

> Date: 01/15/2013
> *Choose The Best Retirement Community For You From CRF Communities*
> Weblink: <http://crfcommunities.com/Choose-The-Best-Retirement-Community-For-You-From.htm>

> Date: 07/10/2012
> *At CRF Communities We Offer Over 55 Retirement Communities Built For Your Lifestyle*
> Weblink: <http://crfcommunities.com/55-Retirement-Communities-Built-For-Your-Lifestyle.htm>

> Date: 08/16/2011
> *Florida Retirement Appeals To Todays Active Adult*
> Weblink: <http://crfcommunities.com/Florida-Retirement-Appeals-To-Todays-Active-Adult.htm>

> Date: 06/21/2011
> *Florida Retirement Communities For Active Adults Like You*
> Weblink: < http://crfcommunities.com/Florida-Retirement-Communities-Active.htm>

> Date: 01/18/2011

*Florida Retirement Communities Are Not Created Equal*
Weblink: <http://crfcommunities.com/Florida-Retirement-Communities-Are-Not-Created-Equ.htm>

Date: 01/18/2011
*Retirement Communities In Florida For Active Adults*
Weblink: <http://crfcommunities.com/Retirement-Communities-In-Florida-For-Active-Adult.htm>

Date: 07/25/2008
*New Florida Retirement Communities*
Weblink: <http://crfcommunities.com/New-Florida-Retirement-Communities.htm>

Date: 05/20/2008
*Luxury Retirement Communities*
Weblink: <http://crfcommunities.com/Luxury-Retirement-Communities.htm>

Date: 02/26/2008
*Fractional Ownership Sales*
Weblink: <http://crfcommunities.com/Fractional-Ownership-Sales.htm>

**F.      Vienna Square falsely described as a "Continuing Care Campus"**

73.      The Defendants deceived the Plaintiffs by claims that the Vienna Square community is a "Continuing Care Campus" where the Plaintiffs, many of whom are senior or elderly citizens and were susceptible to a promise of an adjacent assisted living facility with preferential and or discounted admission and ala carte services such as food preparation, °delivery, house cleaning, and nursing care to help Plaintiffs transition into older age or infirmity.

74.      Despite repeated inquiries by the Plaintiffs the Defendants have refused to provide any such continuing care or ala carte services, citing, instead, a lack of permits to provide such services.

75.     From a printed brochure provided to each Plaintiff at either the initial sales contact or at closing (emphasis in original):

***

**THE BEST OF ALL WORLDS.**

**An Active Adult Community. A Continuing Care Campus. Vienna Square is the Best of All Worlds.**

The active adult and retirement community at Vienna Square is unique because it also features a ***Continuing Care Campus*** on-site. In short, this means Vienna Square offers seniors the best of everything: Active, worry-free independent living in your choice of single-story family homes, maintenance-free villas or apartment-style homes, as well as assisted living, memory and skilled nursing care.

The term ***Continuing Care Campus*** quite literally means seniors can enjoy an exciting lifestyle when they're active and independent and should their health needs change, they can move within one campus or community to get the care they need.

Vienna Square has been designed for those who like the idea of neighbors being an integral part of their lives. It's for those who like sharing meals and recreating together ... for those who take real comfort in knowing there are plenty of helping hands around ... for those who want real community, real service, real security and real peace of mind.

Moving is often a traumatic experience for aging seniors - and their adult children. At Vienna Square, only one move is required - no matter what future health needs may be. Our community virtually eliminates the need for a disruptive transition to an assisted living community, nursing home or rehabilitation in an acute care event. By offering care services, our residents can remain comfortable in the home they've grown to love, surrounded by people they've grown to count on.

While the continuity of care is an obvious benefit to living at Vienna Square, residents also appreciate and take comfort in the continuity of the staff, care team, management team and company philosophy.

***Vienna Square is perfect for those who:***

• Are looking to downsize from a large home.

• Want to enjoy retirement and spend less time cleaning and maintaining your home.

• Want to travel, but do not want to worry about the security of your home.

• No longer want to live alone.

• Want to have peace of mind for future care, should you need it.

• Have a spouse with different health needs than yours and you want to remain together.

• Have aging parents who you would like to have close to you.

***

*Live fully. Live securely.*

**A LIFETIME OF WELL-BEING & SECURITY**

Being well is living well and we believe peace of mind is central to well-being. That's why our active retirement community is adjacent to a **Continuing Care Campus**, which offers assisted living and skilled nursing.
So, should you have aging parents you'd like to have close by (and well cared for) or should your future health needs change, you'll be able to remain part of the community you've grown to truly love.

Vienna Square also offers *Secure Care Pledge* SM, giving you priority access to our **Continuing Care Campus**, should the need arise.
Our staff will gladly provide you with more details on this one-of-a-kind program.

***

76.     From a printed brochure provided to each Plaintiff at either the initial sales contact or at closing (emphasis in original):

\*\*\*

### ALA CARTE MENU OF SERVICES

Vienna Square has created an array of services and amenities that empower you to live life your way and provide you with the ability to take advantage of all life has to offer. We provide you with a worry-free, maintenance-free lifestyle because you've earned it - and deserve it.

***Services for Maintenance-Free Villa Living***

So you have time to enjoy all our community has to offer, for a very reasonable monthly fee, we take care of the exterior of Vienna Square your Villa as well as lawn maintenance. Below is a sampling of our services:

- Lawn Mowing, Edging & Blowing (Homes AND Villas)
- Lawn & Landscape Irrigation (Villas)
- Lawn Fertilization (Villas)
- Mulching (Villas)
- Reserve for Roof Replacement (Villas)
- Reserve for Exterior Painting (Villas)
- Maintenance of all Common Areas (Homes AND Villas)

***Also included for both the Homes AND Villas***:

- Basic Cable (78 Channels)
- Monitored Home Security System
- Security Gate with Personal Remote Access
- Use and Enjoyment of all Vienna Square Amenities
- Professional Management for Day-To-Day Community Operations

*Additional Service*s

For an additional fee, residents of our active adult community may also take advantage of the wealth of services offered on our **Continuing Care Campus**. Some of the services offered:

Page 30

- Meal Plans
- Laundry Service
- Scheduled Transportation
- Weekly Housekeeping
- Wellness Exams
- Medication Management

\*\*\*

**G.     Vienna Square falsely described as "Maintenance and Worry-free"**

77.     The Defendants marketed in print and on the Internet that Vienna Square would be "maintenance and worry free." The Plaintiffs, many of whom are senior or elderly citizens, were susceptible to assurances that the Community would be maintained by the Defendants as Plaintiffs transition into older age or infirmity. From an Internet website <http://viennasquare.com/secure-care-pledge.html> maintained by the Defendants from 2006 through then present (emphasis in original):

\*\*\*

**Secure Care Pledge**
***The Vienna Square Difference: Our Secure Care Pledge***

**SECURE CARE PLEDGE**

When it comes to retirement security and peace of mind, no active adult community provides a response quite like Vienna Square. Wonderful amenities, quality of life, maintenance-free villas, solid home construction, the security and peace of mind of having priority access to our brand new adjacent state-of-the-art NO ENTRANCE FEE Continuing Care Campus providing Assisted Living, Skilled Nursing, Memory Care and Short-Term Health and Rehabilitation is all a part of one of the most comprehensive commitments by any developer anywhere to provide an unprecedented range of services TO OUR RESIDENTS… UNMATCHED ANYWHERE AT ANY PRICE!

SECURE CARE PLEDGE SUMMARY

- **QUALITY AMENITIES & ORGANIZED SOCIAL ACTIVITIES** – Vibrant living, luxury and the pursuit of happiness are all a vital part of our *Vienna Square* philosophy. This is your dream…live it to the fullest!

- **OUTSTANDING HOME VALUES** – The combination of *Vienna Square's* **SECURE CARE PLEDGE** and unique location immediately adjacent to our Continuing Care Campus assures that you simply won't find a better home value in Central Florida!

- **EXPERIENCED, AWARD-WINNING DEVELOPER** – *Vienna Square* was developed by Century Residential, Florida's premier developer of affordable, award-winning active adult communities…with over 30,000 residents just in Central Florida alone…an enviable track record!

- **MAINTENANCE-FREE LIVING** – Whether you select a quality concrete block maintenance-free villa or single-story home, *Vienna Square* has been designed to deliver quality, ease of maintenance and energy efficiency!

- **EXCEPTIONAL HOME FINANCING OPTIONS** – Home financing options are almost endless, ranging from conventional fixed-rate loans to the NEW Government Endorsed "no qualifying' Reverse Mortgage Program, allowing you to purchase your dream home with a down payment as little as $75,000 and NEVER having to make another monthly mortgage payment…NEVER…resulting in unprecedented financial freedom! (One-time payment varies by age. Must be 62+ to qualify.)

- **PRIORITY ACCESS TO OUR CONTINUING CARE CAMPUS** – As a *Vienna Square* resident, you AND your parents have PRIORITY ACCESS to Central Florida's NEW state-of-the-art NO ENTRANCE FEE Continuing Care Campus offering Assisted Living, Skilled Nursing, Memory Care, and Short-Term Health & Rehabilitation. After all, living well is being well and we believe peace of mind is central to your well-being, regardless of where you are in life!

- **A LA CARTE SERVICES** – a 'one-of-a-kind' program uniquely structured to keep you independent and in the comfort of your own home. Relax knowing that your healthcare decisions just became a whole lot simpler. After all, isn't that what retirement is really all about?

  *INCOMPARABLE QUALITY, PEACE OF MIND & SECURITY!*

***

78.     The Defendants fail to maintain the common areas including, but not limited to: allowing extensive storm water flow to intrude onto the lots and into homes bordering retention ponds.

### H.     Theft of Community funds concealed by fraudulent accountings

79.     Since 2010 as the Plaintiffs anticipate turnover of the Vienna Square Community, the Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, and Villas HOA in the Vienna Square Community drastically undercapitalized the Community homeowner association reserves, waived association fees to induce sales, and conceal the theft of Community funds:

  a. Defendants have no reserve funds for the homes subject to the Vienna Square HOA and only limited reserves for Villa homes subject to Villas HOA;

  b. Defendants have failed to properly the reserve fund for the Villas homeowners;

  c. Defendants have repeatedly waived or diverted Vienna Square HOA fees and Villas HOA fees (including the $90 monthly reserve fee) to induce new home sales in the Community to the long-term detriment of the Plaintiffs;

Page 33

  d.  Defendants have, despite repeated demands (as recently as October 2019) by the Plaintiffs for accurate and audited financial statements of proper allocation of revenues and expenses directed toward Community maintenance and reserve accounts. Instead, the Defendants presented an inadequate interim and end-of-year financial statement for 2017 and an inadequate end-of-year statement for 2018. No interim statements were provided for either 2018 or 2019.

## VI. CLASS ACTION ALLEGATIONS

### A. Plaintiff Class

80. Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to *Federal Rule of Civil Procedure* 23.

81. The proposed Class consists of current, former, and future homeowners in the Vienna Square Community and have identical, or substantially similar underlying Homeowners Association Documents with identical or substantially similar restrictions or sub-parts requiring, *inter alia*, payment of the System Assessment and attendant sales taxes. The Class includes those Plaintiffs who have paid the System Assessment or who have received threats of liens or restrictions of their use of Community facilities or amenities for their nonpayment. More specifically, each class members' tangible and intangible rights to continued access to the Community facilities or amenities serving the needs of the class members) have been injured. Excluded from the Class are Defendants, their affiliates, employees, officers and directors, persons or entities that market or sell homes in Vienna Square, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiffs reserve the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

**B.    Disability Subclass**

82.    The subclass includes those elderly and disabled Plaintiff homeowners who have suffered the deprivation or expect to suffer the deprivation of a handicap accessible Community clubhouse, facilities, and common areas.

83.    This action is properly brought as a class action because:

(a)    The proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all Class Members is impracticable. The number of class members is approximately 200 persons, and is expected to grow as homes in Vienna Square are resold. Many of the Class Members are seasonal residents of Florida and reside in other portions of the United States during the remainder of the year.

(b)    The disposition of Plaintiffs' and proposed Class Members' claims in a class action will provide substantial benefits to both the parties and the Court;

(c)    The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class Member were infringed or violated in the same fashion;

(d)    There are questions of law and fact common to the proposed Class which predominate over any questions that may affect particular Class Members. Such common questions of law and fact include but are not limited to:

1.    Whether Defendants violated 18 U.S.C. § 1962;

2.    Whether Defendants violated Title 3 of the ADA - 42 U.S.C. § 12181 *et seq.*;

3.    Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Part II, Chapter 501, *Fla. Stat.*;

4.    Whether Defendants exploited individuals over the age of 65 in violation of §§ 812.014, 812.0145, *Fla. Stat.*

5.    Whether Plaintiffs and Class Members have been harmed and the proper measure of relief;

6.     Whether Plaintiffs and Class Members are entitled to an award of treble damages, punitive damages, attorneys' fees and costs; and

7.     Whether, Plaintiffs and Class Members are entitled to equitable relief, and if so, the nature of such relief.

(e)     Plaintiffs' claims are typical of the claims of the members of the proposed Class. Plaintiffs and Class Members have been injured by the same wrongful practices of Defendants. Plaintiffs' claims arise from the same practices and conduct that give rise to the claims of all Class Members and are based on the same legal theories;

(f)     Plaintiffs will fairly and adequately protect the interests of the Class in that they have no interests antagonistic to those of the other Class Members, and Plaintiffs have retained an attorney experienced in consumer class actions and complex litigation as counsel;

(g)     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(i)     Given the size of individual Class Members' claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

(ii)     This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured;

Page 36

(iii)     Without a class action, Class Members will continue to
          suffer damages, and Defendants' violations of law will
          proceed without remedy while Defendants continue to reap
          and retain the proceeds of their wrongful conduct; and

(iv)      Plaintiffs know of no difficulty that will be encountered in
          the management of this litigation which would preclude
          class certification.

84.     Defendants and their agents had, or have access to, address information for
the Class Members, which may be used for the purpose of providing notice of the class
action. Plaintiffs seek damages and equitable relief on behalf of the Class on grounds
generally applicable to the entire proposed Class.

## VII.    MAIL AND WIRE FRAUD

85.     Defendants (and their co-conspirators/agents) engaged in a scheme to
unlawfully defraud Plaintiffs of their money or property through the:

a)      manipulation of the Homeowner Association Documents to
        implement the illegal and fraudulent System Assessment;

b)      misrepresentation that defendant-developers Larry Maxwell and
        Mark Schreiber and their controlled co-defendant entities are
        "award-winning" developers;

c)      misrepresentation that Vienna Square is a "Continuing Care
        Campus" and a "maintenance and worry-free" community; and

d)      drastic under-capitalization the Community homeowner
        association reserves, waived association fees to induce sales, and
        concealment of the theft of Community funds through inadequate
        or incoherent financial statements.

Defendants (and their co-conspirators/agents) knowingly devised or knowingly participated in a scheme or artifice to defraud Plaintiffs or to obtain the money or property of Plaintiffs by means of false or fraudulent pretenses, representations, material omissions, or promises.

86.     Defendants (and their co-conspirators/agents) could foresee that the U.S. Postal Service and interstate wires would be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in or carrying out the scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343.

87.     In particular, Defendants (and their co-conspirators/agents) knew or could foresee that the U.S. Postal Service and interstate wires would be used to receive and/or deliver, *inter alia*, false sales brochures, fraudulent notices of billing and notices of rate increases, threats of lien imposition, and delinquency notices.

88.     Defendants (and their co-conspirators/agents) acting singly and in concert, personally or through their agents, used the U.S. Postal Service and interstate wires or caused the U.S. Postal Service or interstate wires to be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in, or carrying out a scheme to defraud the Plaintiffs within the meaning of 18 U.S.C. §§ 1341 and 1343.

89.     It is not possible for Plaintiff homeowners to plead with particularity all instances of mail and wire fraud that advanced, furthered, executed, and concealed the scheme because the particulars of many communications are within the exclusive control and within the exclusive knowledge of Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and the Clark Campbell Law Firm (and their co-conspirators/agents) other presently unknown individuals. Plaintiff homeowners and the Schalamar HOA know that Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication,

Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and the Clark Campbell Law Firm (and their co-conspirators/agents) have communicated using the U.S. Postal service with:

      a.      regulators in the Florida Department of Business and Professional Regulation related to the approval, recordation, and dissemination of the Master Declaration;

      b.      the putative class of homeowners related to initial sales and closing documents;

      c.      the putative class of homeowners related to ongoing HOA assessments.

Documents related to those communications using the U.S. Postal service are in the control and custody of the Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and the Clark Campbell Law Firm (and their co-conspirators/agents) and are expected to be the focus of discovery.

90. By way of example, however, Defendants (and their co-conspirators/ agents) specifically used the U.S. Postal Service or interstate wires or caused the U.S. Postal Service or interstate wires to deliver each and every telephone call, email, and letter described in paragraphs 23-89.

91. Upon information and belief, some of the wire communications described above occurred between persons in the same state but crossed interstate borders by reason of the technology and other mechanisms used to transmit the communication.

92. Each and every use of the U.S. Postal Service or interstate wires described above was committed by Defendants and their co-conspirators/agents with the specific intent to defraud Plaintiffs or for obtaining the money or property of Plaintiffs by means of false or fraudulent pretenses, representations, material omissions or promises. Defendants

and their co-conspirators'/agents' acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 constitute racketeering activity as defined by 18 U.S.C. § 1961(1)(B) or "criminal activity" as defined by *Fla. Stat.* § 772.102(b).

93.     Plaintiffs purchased their homes not knowing that Defendants were purportedly obligating them to perpetually pay System Assessment, paid the fraudulent System Assessment, and paid charges fraudulently represented to be "sales taxes."

94.     Defendants' scheme to defraud was designed to victimize elderly homebuyers. As such, Defendants intended to take advantage of Plaintiffs' perceived ignorance or gullibility and intended to prey on Plaintiffs' infirmities.

## VIII.   CLAIMS FOR RELIEF

**Count One – RICO; Racketeer Influenced and Corrupt Organizations Act**
Violation of 18 U.S.C. § 1962(c) – *Fla. Stat.* § 772.103(3) By Defendants Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill

95.     Plaintiffs reallege and restate paragraphs 1 through 94.

***Maxwell-Schreiber-Owens-Clark-Hill Enterprise***

96.      Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) &7 772.103(3), in that they were "a group of individuals associated in "fact" (hereinafter referred to as the "*Maxwell-Schreiber-Clark-Hill Enterprise*").

> a.   Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill shared the common purposes of developing Vienna Square and defrauding Plaintiffs of money or property through the: (1) manipulation of the Homeowner Association Documents to implement the illegal and fraudulent System Assessment; (2)

misrepresentation that defendant-developers Larry Maxwell and
Mark Schreiber and their controlled co-defendant entities are "award-
winning" developers; (3) misrepresentation that Vienna Square is a
"Continuing Care Campus" and a "maintenance and worry-free"
community; and (4) drastic under-capitalization the Community
homeowner association reserves, waived association fees to induce
sales, and concealment of the theft of Community funds through
inadequate or incoherent financial statements.

b.   Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and
Craig Hill were related in that they are business partners and were
officers or directors of Vienna Square HOA, pursuant to which they
each owed fiduciary duties to Plaintiffs.

c.   The *Maxwell-Schreiber-Owens-Clark-Hill Enterprise* possessed
sufficient longevity for the members to carry out their purpose(s) in
that the *Maxwell-Schreiber-Owens-Clark-Hill Enterprise* existed from
2009 through 2019 (at a minimum).

d.   Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and
Craig Hill are each a "person," within the meaning of 18 U.S.C.
§§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually
conducted, participated in, engaged in, and operated and managed
the affairs of the *Maxwell-Schreiber-Owens-Clark-Hill Enterprise*
through a pattern of racketeering activity or criminal activity within
the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.*
§§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering
activity or criminal activity consisted of, but was not limited to, the
acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§

772.102(1)(b) (described in paragraphs 85-94, *supra*).

**Alternative 1: *MX Communication Enterprise***

97.     In the alternative to paragraph 96, between 2009 and 2019 (at a minimum), MX Communication constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3), in that it was a legal entity.

>   a.   Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of MX Communication through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

**Alternative 2: *Vienna Square Enterprise***

98.     In the alternative to paragraphs 96 and 97 CRF, CRF Management, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, Villas HOA, and the Clark Campbell Law Firm constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3), in that they were "a group of individuals associated in "fact" (hereinafter referred to as the "*Vienna Square Enterprise*").

>   a.   CRF, CRF Management, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, Villas HOA, and the Clark Campbell Law Firm shared the common purposes of defrauding

Page 42

Plaintiffs of money or property through the: (1) manipulation of the Homeowner Association Documents to implement the illegal and fraudulent System Assessment; (2) misrepresentation that defendant-developers Larry Maxwell and Mark Schreiber and their controlled co-defendant entities are "award-winning" developers; (3) misrepresentation that Vienna Square is a "Continuing Care Campus" and a "maintenance and worry-free" community; and (4) drastic under-capitalization the Community homeowner association reserves, waived association fees to induce sales, and concealment of the theft of Community funds through inadequate or incoherent financial statements.

b.   CRF, CRF Management, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, Villas HOA, and the Clark Campbell Law Firm were related in that they are all alter egos of Larry Maxwell, Mark Schreiber, and Scott Owens.

c.   The *Vienna Square Enterprise* possessed sufficient longevity for the members to carry out their purpose(s) in that the *Vienna Square Enterprise* existed from 2009 through 2019 (at a minimum).

d.   CRF, CRF Management, MX Communication, Baytree Partners, Century Residential, Vienna Square HOA, Villas HOA, and the Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of the *Vienna Square Enterprise* through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1),

Page 43

772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

**Alternative 3:** *Clark Enterprise*

99.　　In the alternative to paragraphs 96-98, between 2009 and 2019 (at a minimum), Ronald Clark was an individual who constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3).

　　　　a.　　Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of Ronald Clark through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

**Alternative 4:** *Clark Campbell Law Firm Enterprise*

100.　　In the alternative to paragraphs 96-99, between 2009 and 2019 (at a minimum), the Clark Campbell Law Firm constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3), in that it was a legal entity.

a.   Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of the Clark Campbell Law Firm through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

101.   At all relevant times, the enterprises alleged in paragraphs 96 through 100 (*supra*) were engaged in, and their activities affected, interstate commerce and foreign commerce.

102.   All of the acts of racketeering/crime described in paragraphs 85 through 94, *supra,* were related so as to establish a pattern of racketeering activity or criminal activity, within the meaning of 18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3), in that their common purpose was to defraud Plaintiffs of money and property through the through the: (a) manipulation of the Homeowner Association Documents to implement the illegal and fraudulent System Assessment; (b) misrepresentation that defendant-developers Larry Maxwell and Mark Schreiber and their controlled co-defendant entities are "award-winning" developers; (c) misrepresentation that Vienna Square is a "Continuing Care Campus" and a "maintenance and worry-free" community; and (d) drastic under-capitalization the Community homeowner association reserves, waived association fees

to induce sales, and concealment of the theft of Community funds through inadequate or incoherent financial statements.

Their common result was to defraud Plaintiffs of money and property through the: (a) manipulation of the Homeowner Association Documents to implement the illegal and fraudulent System Assessment; (b) misrepresentation that defendant-developers Larry Maxwell and Mark Schreiber and their controlled co-defendant entities are "award-winning" developers; (c) misrepresentation that Vienna Square is a "Continuing Care Campus" and a "maintenance and worry-free" community; and (d) drastic under-capitalization the Community homeowner association reserves, waived association fees to induce sales, and concealment of the theft of Community funds through inadequate or incoherent financial statements. Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill, personally or through their agent or agents, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission; Plaintiffs were the victims of the acts of racketeering/crime; and/or the acts of racketeering/crime were otherwise interrelated by distinguishing characteristics and were not isolated events.

103.    All of the acts of racketeering described in paragraphs 85 through 94, *supra,* were continuous so as to form a pattern of racketeering activity in that Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill engaged in the acts of racketeering/crime over a substantial period of time (i.e., from 2009 through 2019) and in that the acts of racketeering/crime have become the regular way in which Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill do business and, thus, threaten to continue indefinitely.

104.    As a direct and proximate result of, and by reason of, the activities of Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill and their conduct in violation of 18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3), Plaintiffs were injured in

their business or property, within the meaning of 18 U.S.C. § 1964(c) and *Fla. Stat.* § 772.104(1). Among other things, Plaintiffs suffered damages to the extent their business or property was transferred to Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill; to the extent Plaintiffs incurred legal fees to set aside or reverse the transfers of money or property that were fraudulently made by Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill; and to the extent that Plaintiffs paid for services that provided no benefit to Plaintiffs and only inflicted harm upon them. Plaintiffs are, therefore, entitled to recover threefold the damages they sustained together with costs, reasonable attorneys' fees and reasonable experts' fees.

**Relief Requested**

Wherefore, Plaintiffs request that:

a.  Judgment be entered in favor of Plaintiffs and against Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill jointly and severally, in the amount of Plaintiffs' damages to be proven at trial;

b.  Plaintiffs be awarded treble damages to the extent permitted by 18 U.S.C. § 1964(c) and Section 772.104, *Fla. Stat.*;

c.  Plaintiffs be awarded punitive damages to the extent permitted by Section 768.72, *Fla. Stat.*;

d.  Plaintiffs be awarded prejudgment interest on the amount of damages and/or losses that Plaintiffs have sustained;

e.  Plaintiffs be awarded a judgment declaring that the defendants violated *Fla. Stat.* § 720.3075;

f.  Plaintiffs be awarded injunctive relief pursuant to Rule 65, *Federal Rules Civil Procedure*;

g.  Plaintiffs be awarded reasonable costs and attorneys' fees pursuant to 18 U.S.C. § 1964(c);

h.      Plaintiffs be awarded a judgment eliminating or vacating any recorded lien recorded by, or for the benefit of, the Defendants;

i.      Plaintiffs be awarded a judgment piercing of any limited liability veil;

j.      Plaintiffs be awarded such other and further equitable and legal relief as the Court deems just and necessary.

**Count Two – RICO; Racketeer Influenced and Corrupt Organizations Act**
Violation of 18 U.S.C. § 1962(c) – *Fla. Stat.* § 772.103(3) By Defendants CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm

105.    Plaintiffs reallege and restate paragraphs 1 through 94.

***Corporate Enterprise***

106.    CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3), in that they were "a group of individuals associated in "fact" (hereinafter referred to as the "*Corporate Enterprise*").

        a.    CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm shared the common purposes of developing Vienna Square and defrauding Plaintiffs of money or property through the: (1) manipulation of the Homeowner Association Documents to implement the illegal and fraudulent System Assessment; (2) misrepresentation that defendant-developers Larry Maxwell and Mark Schreiber and their controlled co-defendant entities are "award-winning" developers; (3) misrepresentation that Vienna Square is a "Continuing Care Campus" and a "maintenance and worry-free" community; and (4) drastic under-capitalization the Community homeowner association reserves, waived association fees to induce sales, and concealment of the theft of Community funds through inadequate or incoherent financial statements.

        b.    CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark

Campbell Law Firm were related in that they are all controlled by Larry Maxwell, Mark Schreiber, and Scott Owens who owe fiduciary duties to Plaintiffs.

c.   The *Corporate Enterprise* possessed sufficient longevity for the members to carry out their purpose(s) in that the *Corporate Enterprise* existed from 2009 through 2019 (at a minimum).

d.   CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of the *Corporate Enterprise* through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud (as described in paragraphs 85-94, *supra*).

**Alternative 1: *MX Communication Enterprise***

107.   In the alternative to paragraph 106, between 2009 and 2019 (at a minimum), MX Communication constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3), in that it was a legal entity.

a.   CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually

conducted, participated in, engaged in, and operated and managed the affairs of MX Communication through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

**Alternative 2: *Vienna Square Enterprise***

108.    In the alternative to paragraphs 106 and 107 CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3), in that they were "a group of individuals associated in "fact" (hereinafter referred to as the "*Vienna Square Enterprise*").

        a.    CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm shared the common purposes of defrauding Plaintiffs of money or property through the: (1) manipulation of the Homeowner Association Documents to implement the illegal and fraudulent System Assessment; (2) misrepresentation that defendant-developers Larry Maxwell and Mark Schreiber and their controlled co-defendant entities are "award-winning" developers; (3) misrepresentation that Vienna Square is a "Continuing Care Campus" and a "maintenance and worry-free" community; and (4) drastic under-capitalization the Community homeowner association

reserves, waived association fees to induce sales, and concealment of the theft of Community funds through inadequate or incoherent financial statements.

b.  CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm were related in that they are all alter egos of Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill.

c.  The *Vienna Square Enterprise* possessed sufficient longevity for the members to carry out their purpose(s) in that the *Vienna Square Enterprise* existed from 2009 through 2019 (at a minimum).

d.  CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of the *Vienna Square Enterprise* through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

**Alternative 3: *Clark Enterprise***

109.  In the alternative to paragraphs 106-108, between 2009 and 2019 (at a minimum), Ronald Clark was an individual who constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3).

a.    Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of Ronald Clark through a pattern of racketeering activity or criminal activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1), 772.102(4) & 772.103(3). Said pattern of racketeering activity or criminal activity consisted of, but was not limited to, the acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

**Alternative 4: *Clark Campbell Law Firm Enterprise***

110.    In the alternative to paragraphs 130-133, between 2009 and 2019 (at a minimum), the Clark Campbell Law Firm constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) and *Fla. Stat.* §§ 772.102(3) & 772.103(3), in that it was a legal entity.

a.    Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm are each a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) and *Fla. Stat.* § 772.103, who individually conducted, participated in, engaged in, and operated and managed the affairs of the Clark Campbell Law Firm through a pattern of racketeering activity or criminal activity within the meaning of 18

U.S.C. §§ 1961(1), 1961(5) & 1962(c) and *Fla. Stat.* §§ 772.102(1),
772.102(4) & 772.103(3). Said pattern of racketeering activity or
criminal activity consisted of, but was not limited to, the acts of mail
and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b)
(as described in paragraphs 85-94, *supra*).

111.     At all relevant times, the enterprises alleged in paragraphs 106 through
110 (*supra*) were engaged in, and their activities affected, interstate commerce and foreign
commerce.

112.     All of the acts of racketeering described in paragraphs 85 through 94
(*supra*) were related so as to establish a pattern of racketeering activity or criminal
activity, within the meaning of 18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3), in that
their common purpose was to defraud Plaintiffs of money and property through the: (a)
manipulation of the Homeowner Association Documents to implement the illegal and
fraudulent System Assessment; (b) misrepresentation that defendant-developers Larry
Maxwell and Mark Schreiber and their controlled co-defendant entities are "award-
winning" developers; (c) misrepresentation that Vienna Square is a "Continuing Care
Campus" and a "maintenance and worry-free" community; and (d) drastic under-
capitalization the Community homeowner association reserves, waived association fees
to induce sales, and concealment of the theft of Community funds through inadequate or
incoherent financial statements.

Their common result was to defraud Plaintiffs of money and property through
the: (a) manipulation of the Homeowner Association Documents to implement the illegal
and fraudulent System Assessment; (b) misrepresentation that defendant-developers
Larry Maxwell and Mark Schreiber and their controlled co-defendant entities are "award-
winning" developers; (c) misrepresentation that Vienna Square is a "Continuing Care
Campus" and a "maintenance and worry-free" community; and (d) drastic under-

capitalization the Community homeowner association reserves, waived association fees to induce sales, and concealment of the theft of Community funds through inadequate or incoherent financial statements. Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm personally or through their agent or agents, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission; Plaintiffs were the victims of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

113.    All of the acts of racketeering described in paragraphs 85 through 94 (*supra*) were continuous so as to form a pattern of racketeering activity in that Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm engaged in the acts of racketeering or crime over a substantial period of time (i.e., from 2009 through 2019) and in that the acts of racketeering/crime have become the regular way in which Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm do business and, thus, threaten to continue indefinitely.

114.    As a direct and proximate result of, and by reason of, the activities of Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm and their conduct in violation of 18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3), Plaintiffs were injured in their business or property, within the meaning of 18 U.S.C. § 1964(c) and *Fla. Stat.* § 772.104(1). Among other things, Plaintiffs suffered damages to the extent their business or property was

transferred to Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm; to the extent Plaintiffs incurred legal fees to set aside or reverse the transfers of money or property that were fraudulently made by Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm; and to the extent that Plaintiffs paid for services that provided no benefit to Plaintiffs and only inflicted harm upon them. Plaintiffs are, therefore, entitled to recover threefold the damages they sustained together with costs, reasonable attorneys' fees, and reasonable experts' fees.

**Relief Requested**

Wherefore, Plaintiffs request that:

a.    Judgment be entered in favor of Plaintiffs and against CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm jointly and severally, in the amount of Plaintiffs' damages to be proven at trial;

b.    Plaintiffs be awarded treble damages to the extent permitted by 18 U.S.C. § 1964(c) and Section 772.104, *Fla. Stat.*;

c.    Plaintiffs be awarded punitive damages to the extent permitted by Section 768.72, *Fla. Stat.*;

d.    Plaintiffs be awarded prejudgment interest on the amount of damages and/ or losses that Plaintiffs have sustained;

e.    Plaintiffs be awarded a judgment declaring that the defendants violated *Fla. Stat.* § 720.3075;

f.     Plaintiffs be awarded injunctive relief pursuant to Rule 65, *Federal Rules Civil Procedure*;

g.     Plaintiffs be awarded reasonable costs and attorneys' fees pursuant to 18 U.S.C. § 1964(c);

h.     Plaintiffs be awarded a judgment eliminating or vacating any recorded lien recorded by, or for the benefit of, the Defendants;

i.     Plaintiffs be awarded a judgment piercing of any limited liability veil;

j.     Plaintiffs be awarded such other and further equitable and legal relief as the Court deems just and necessary.

**Count Three – RICO; Racketeer Influenced and Corrupt Organizations Act**
Violation of 18 U.S.C. § 1962(d) – *Fla. Stat.* § 772.103(4) By Defendants Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill

115.     Plaintiffs reallege and restate paragraphs 1 through 94.

116.     As alleged in Count One, one or more of the following individuals violated 18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3): Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill. Any of these person(s) who violated 18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3) are referred to as the "Violator(s)" for the remainder of this Count.

117.     Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill conspired with the Violator(s) to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises (*see supra*, ¶¶ 96-100) through a pattern of racketeering activity or criminal activity (*see supra*, ¶¶ 85-94) in violation of 18 U.S.C. § 1962(d) and *Fla. Stat.* § 772.103(4). In particular, Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill intended to further an endeavor of the Violator(s) which, if completed, would satisfy all of the elements of a substantive RICO criminal offense (18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3)) and adopted the goal of furthering

Page 57

or facilitating the criminal endeavor.

118.    Plaintiffs were injured by Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, or Craig Hill's overt acts that are acts of racketeering/crime or otherwise unlawful under the RICO statute, which included (among other acts) mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

119.    As a direct and proximate result of, and by reason of, the activities of Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, or Craig Hill, and their conduct in violation of 18 U.S.C. § 1962(d) and *Fla. Stat.* § 772.103(4), Plaintiffs were injured in their business or property, within the meaning of 18 U.S.C. § 1964(c) and *Fla. Stat.* § 772.104(1). Among other things, Plaintiffs suffered damages to the extent their business or property was transferred to Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, or Craig Hill; to the extent Plaintiffs incurred legal fees to set aside or reverse the transfers of money or property that were fraudulently made by Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, or Craig Hill; and to the extent that Plaintiffs paid for services that provided no benefit to Plaintiffs and only inflicted harm upon them. Plaintiffs are, therefore, entitled to recover threefold the damages they sustained together with costs, reasonable attorneys' fees, and reasonable experts' fees.

**Relief Requested**

Wherefore, Plaintiffs request that:

a.    Judgment be entered in favor of Plaintiffs and against Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill jointly and severally, in the amount of Plaintiffs' damages to be proven at trial;

b.    Plaintiffs be awarded treble damages to the extent permitted by 18 U.S.C. § 1964(c) and Section 772.104, *Fla. Stat.*;

c.    Plaintiffs be awarded punitive damages to the extent permitted by Section

768.72, *Fla. Stat.*;

d.    Plaintiffs be awarded prejudgment interest on the amount of damages and/ or losses that Plaintiffs have sustained;

e.    Plaintiffs be awarded a judgment declaring that the defendants violated *Fla. Stat.* § 720.3075;

f.    Plaintiffs be awarded injunctive relief pursuant to Rule 65, *Federal Rules Civil Procedure*;

g.    Plaintiffs be awarded reasonable costs and attorneys' fees pursuant to 18 U.S.C. § 1964(c);

h.    Plaintiffs be awarded a judgment eliminating or vacating any recorded lien recorded by, or for the benefit of, the Defendants;

i.    Plaintiffs be awarded a judgment piercing of any limited liability veil;

j.    Plaintiffs be awarded such other and further equitable and legal relief as the Court deems just and necessary.

**Count Four – RICO Conspiracy; Racketeer Influenced and Corrupt Organizations Act -** Violation of 18 U.S.C. § 1962(d) – *Fla. Stat.* § 772.103(4) By Defendants CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm

120.    Plaintiffs reallege and restate paragraphs 1 through 94.

121.    As alleged in Count One, the following individuals violated 18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3): Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill.

**CRF Management, Baytree Partners, or Clark Campbell Law Firm conspired with Larry Maxwell, Mark Schreiber, or Scott Owens**

122.    CRF Management, Baytree Partners, or Clark Campbell Law Firm conspired with Larry Maxwell, Mark Schreiber, or Scott Owens to conduct or participate,

directly or indirectly, in the conduct of the affairs of the enterprises (*see supra*, ¶¶ 96-100) through a pattern of racketeering activity or criminal activity (*see supra*, ¶¶ 85-94) in violation of 18 U.S.C. § 1962(d) and *Fla. Stat.* § 772.103(4). In particular, CRF Management, Baytree Partners, or Clark Campbell Law Firm intended to further an endeavor of Larry Maxwell, Mark Schreiber or Scott Owens which, if completed, would satisfy all of the elements of a substantive RICO criminal offense (18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3)) and adopted the goal of furthering or facilitating the criminal endeavor.

**CRF conspired with Ronald Clark or Mark Schreiber**

123.    CRF conspired with Ronald Clark or Mark Schreiber to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises (*see supra*, ¶¶ 96-100) through a pattern of racketeering activity or criminal activity (*see supra*, ¶¶ 85-94) in violation of 18 U.S.C. § 1962(d) and *Fla. Stat.* § 772.103(4). In particular, CRF intended to further an endeavor of Ronald Clark or Mark Schreiber which, if completed, would satisfy all of the elements of a substantive RICO criminal offense (18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3)) and adopted the goal of furthering or facilitating the criminal endeavor.

**Century Residential, conspired with Larry Maxwell, Mark Schreiber, or Ronald Clark**

124.    Century Residential, conspired with Larry Maxwell, Mark Schreiber, or Ronald Clark to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises (*see supra*, ¶¶ 96-100) through a pattern of racketeering activity or criminal activity (*see supra*, ¶¶ 85-94) in violation of 18 U.S.C. § 1962(d) and *Fla. Stat.* § 772.103(4). In particular, Century Residential intended to further an endeavor of Larry Maxwell, Mark Schreiber, or Ronald Clark which, if completed, would satisfy

all of the elements of a substantive RICO criminal offense (18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3)) and adopted the goal of furthering or facilitating the criminal endeavor.

**CRF Management and Baytree conspired with Ronald Clark**

125.  CRF Management and Baytree conspired with Ronald Clark to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises (*see supra*, ¶¶ 96-100) through a pattern of racketeering activity or criminal activity (*see supra*, ¶¶ 85-94) in violation of 18 U.S.C. § 1962(d) and *Fla. Stat.* § 772.103(4). In particular, CRF Management and Baytree intended to further an endeavor of Ronald Clark which, if completed, would satisfy all of the elements of a substantive RICO criminal offense (18 U.S.C. § 1962(c) and *Fla. Stat.* § 772.103(3)) and adopted the goal of furthering or facilitating the criminal endeavor.

126.  Plaintiffs were injured by Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm's overt acts that are acts of racketeering/crime or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 and *Fla. Stat.* §§ 772.102(1)(b) (as described in paragraphs 85-94, *supra*).

127.  As a direct and proximate result of, and by reason of, the activities of Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm and their conduct in violation of 18 U.S.C. § 1962(d) and *Fla. Stat.* § 772.103(4), Plaintiffs were injured in their business or property, within the meaning of 18 U.S.C. § 1964(c) and *Fla. Stat.* § 772.103(3). Among other things, Plaintiffs suffered damages to the extent their business

Page 61

or property was transferred to Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, or Craig Hill; to the extent Plaintiffs incurred legal fees to set aside or reverse the transfers of money or property that were fraudulently made by Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, or Craig Hill; and to the extent that Plaintiffs paid for services that provided no benefit to Plaintiffs and only inflicted harm upon them. Plaintiffs are, therefore, entitled to recover threefold the damages they sustained together with costs, reasonable attorneys' fees, and reasonable experts' fees.

**Relief Requested**

Wherefore, Plaintiffs request that:

a. Judgment be entered in favor of Plaintiffs and against CRF, CRF Management, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, and Clark Campbell Law Firm jointly and severally, in the amount of Plaintiffs' damages to be proven at trial;

b. Plaintiffs be awarded treble damages to the extent permitted by 18 U.S.C. § 1964(c) and Section 772.104, *Fla. Stat.*;

c. Plaintiffs be awarded punitive damages to the extent permitted by Section 768.72, *Fla. Stat.*;

d. Plaintiffs be awarded prejudgment interest on the amount of damages and/or losses that Plaintiffs have sustained;

e. Plaintiffs be awarded a judgment declaring that the defendants violated *Fla. Stat.* § 720.3075;

f. Plaintiffs be awarded injunctive relief pursuant to Rule 65, *Federal Rules Civil Procedure*;

g. Plaintiffs be awarded reasonable costs and attorneys' fees pursuant to 18

U.S.C. § 1964(c);

h.      Plaintiffs be awarded a judgment eliminating or vacating any recorded

lien recorded by, or for the benefit of, the Defendants;

i.      Plaintiffs be awarded a judgment piercing of any limited liability veil;

j.      Plaintiffs be awarded such other and further equitable and legal relief as

the Court deems just and necessary.

**Count Five – Florida Deceptive and Unfair Trade Practices Act
("FDUTPA")** Violation of *Fla. Stat*. §§ 501.204, and 501.211 — By
Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott
Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas
HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law
Firm

128.    Plaintiffs reallege and restate paragraphs 1 through 84.

129.    The Defendants have violated *Fla. Stat*. §§ 501.204 and 501.211 which

prohibit as unlawful unconscionable acts or practices, and unfair or deceptive acts or

practices in the conduct of trade or commerce.

130.    The Florida Legislature expressly stated that *Fla. Stat*. §§ 501.201 et.

seq., is remedial. Section 501.202, *Fla. Stat*., reads: "The provisions of this part shall be

construed liberally to promote the following policies:

***

(1)      To simplify, clarify, and modernize the law governing consumer
protection, unfair methods of competition, and unconscionable,
deceptive, and unfair trade practices.

(2)      To protect the consuming public and legitimate business
enterprises from those who engage in unfair methods of
competition, or unconscionable, deceptive, or unfair acts or
practices in the conduct of any trade or commerce.

(3)      To make state consumer protection and enforcement consistent
with established policies of federal law relating to consumer

protection."

\*\*\*

131.    In 1993 the Florida Legislature amended the definition of "Trade or commerce" in § 501.203(8), *Fla. Stat.*, to include services ("... any good or service..."), thereby overruling *Florida v. De Anza Corp.,* 416 So.2d 1173 (Fla. 5th DCA), *pet. den.,* 424 So.2d 763 (Fla. 1982). *De Anza* was also disapproved by the Florida Supreme Court in *Lanca Homeowners, Inc. v. Lantana Cascade of Palm Beach, Ltd.,* 541 So.2d 1121 (Fla. 1988), *cert den.,* 493 U.S. 964 (1989).

132.    The 1993 amendment of *Fla. Stat..* § 501.203(8) also expansively defined 56Trade or commerce" to mean "... the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, **of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value,** wherever situated. 'Trade or commerce' shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity. (Emphasis added)

133.    As subdivision lot owners and purchasers of site-built homes in the Community, the Plaintiffs are consumers.

134.    Section 501.203(3), *Fla. Stat.*, defined a "Violation of this part" to mean "... any violation of this act and may be based upon any of the following: ...

\*\*\*

(b)    The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts;

(c)    Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices."

\*\*\*

135.    Between 2006 and the termination of service in November 2017 MX Communication continued to send Plaintiffs monthly bills, invoices and demands for payment for system assessments.

136.    Between 2006 and the termination of service in November 2017 Defendants asserted, enforced, and threaten their improper authority to assess and lien to coerce payment of illegal System Assessments pursuant to the provisions of the Homeowner Association Documents in violation of *Fla. Stat.* §§ 720.3075, 501.204, and 501.211.

137.    Defendants conspire, participate, joined together or act in concert to violate *Fla. Stat.* §§ 501.204, 501.211, and 720.3075 to benefit themselves, each other, and Larry Maxwell, Mark Schreiber, Scott Owens, Ronald Clark, and Craig Hill.

138.    Defendants, their agents, officers, and directors each participated and were aware of the repeated and continuing violations of *Fla. Stat.* §§ 501.204, 501.211, and 720.3075.

139.    Defendants' acts caused or were likely to cause unjustified injury to the Plaintiffs -- namely, injury that is substantial, not outweighed by countervailing benefits to the Plaintiffs or competition that the act or practice produces, and an injury that the Plaintiffs could not reasonably have avoided.

140.    In the alternative to the preceding paragraph, Defendants' acts offend public policy and are immoral, unethical, oppressive, unscrupulous or substantially injurious to the Plaintiffs.

141.    As a direct and proximate result of, and by reason of, the activities of the Defendants in violation of *Fla. Stat.* §§ 501.204, and 501.211, Plaintiffs were injured and suffered actual damages in excess of $500,000 to the extent their monies were

illegally transferred to the Defendants via payment of the illegal system assessment; to the extent Plaintiffs incurred legal fees to set aside or reverse the transfers of money or property that were fraudulently made by the Defendants; and to the extent that Plaintiffs paid for services that provided no benefit to Plaintiffs and only inflicted harm upon them. Plaintiffs are, therefore, entitled to recover the actual damages they sustained together with costs, reasonable attorneys' fees, and reasonable experts' fees.

142.   Plaintiffs have been aggrieved by the Defendants' violation of *Fla. Stat.* §§ 501.204, 501.211, and 720.3075.

143.   Plaintiffs also seek declaratory judgment under § 501.211(1), *Fla. Stat.* Section 501.211(1), *Fla. Stat.*, reads that: "… anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part."

144.   As a result, the Plaintiffs are in doubt as to their legal rights under the law. There exists a present, actual need for declaratory relief concerning these bona fide disputes.

**Relief Requested**

Wherefore, Plaintiffs request that:

a.   Judgment be entered in favor of Plaintiffs and against Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm jointly and severally, in the amount of Plaintiffs' damages to be proven at trial;

b.   Plaintiffs be awarded punitive damages to the extent permitted by

Section 768.72, *Fla. Stat.*;

c.    Plaintiffs be awarded actual damages under *Fla. Stat.* §501.211;

d.    Plaintiffs be awarded prejudgment interest on the amount of damages and/or losses that Plaintiffs have sustained;

e.    Plaintiffs be awarded a judgment declaring that the defendants' conduct is prohibited by Chapter 501 and Section 720.3075, *Fla. Stat.*;

f.    Plaintiffs be awarded a judgment declaring that the defendants violated *Fla. Stat.* §§ 501.204, 501.211, and 720.3075;

g.    Plaintiffs be awarded a judgment declaring under *Fla. Stat.* § 501.211(1) that Defendants' acts or practices violate Chapter 501 Part II, *Fla. Stat.*;

h.    Plaintiffs be awarded injunctive relief prohibiting defendants who have violated, are violating, or likely to violate Chapter 501 Part II, *Fla. Stat.*;

i.    Plaintiffs be awarded reasonable costs and attorneys' fees pursuant to *Fla. Stat.* §§ 501.2105 and 501.211;

j.    Plaintiffs be awarded a judgment eliminating or vacating any recorded lien recorded by, or for the benefit of the Defendants;

k.    Plaintiffs be awarded a judgment piercing of any limited liability veil;

l.    Plaintiffs be awarded such other and further equitable and legal relief as the Court deems just and necessary.

**Count Six – Exploitation of an Individual Over the Age of 65 -** Violation of §§ 812.014, 812.0145, *Fla. Stat.* — By Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm

145.     Plaintiffs reallege and restate paragraphs 1 through 84.

146.     The Defendants have violated §§ 812.014 and 812.0145, *Fla. Stat.*, which prohibit as unlawful theft from an individual or individuals over the age of 65.

147.     Plaintiffs are persons 65 years of age or older, who would otherwise not be defined as a "vulnerable adults" under §415.102(8), *Fla. Stat.*

148.     Defendants knowingly obtained or used, or endeavor to obtain or to use, the property of the Plaintiffs with intent to, either temporarily or permanently:

> (a)     deprive the Plaintiffs of a right to the property or a benefit from the property; or
>
> (b)     appropriate the property to Defendants' own use or to the use of any person not entitled to the use of the property.

149.     The property has value as defined by §§ 812.012(4), (5), (6), and )(10), *Fla. Stat.*

150.     Defendants have caused Plaintiffs to suffer substantial losses and damages.

**Relief Requested**

Wherefore, Plaintiffs request that:

a.     Judgment be entered in favor of Plaintiffs and against Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, Century Residential, Ronald Clark, Craig Hill, and Clark Campbell Law Firm jointly and severally, in the amount of Plaintiffs' damages to be

Page 68

proven at trial;

b.    Plaintiffs be awarded punitive damages to the extent permitted by Section 768.72, *Fla. Stat.*;

c.    Plaintiffs be awarded prejudgment interest on the amount of damages and/or losses that Plaintiffs have sustained;

d.    Under § 812.035, *Fla. Stat.*, enjoin violations of the provisions of §§ 812.012-812.037 by issuing appropriate orders and judgments, including, but not limited to:

1.    Ordering any defendant to divest himself or herself of any interest in any enterprise (as defined in §812.014(9), *Fla. Stat.*), including real estate;

2.    Imposing reasonable restrictions upon the future activities or investments of any defendant, including, but not limited to, prohibiting any defendant from engaging in the same type of endeavor as the enterprise in which he or she was engaged in violation of the provisions of §§ 812.012-812.037, *Fla. Stat.*;

3.    Ordering the dissolution or reorganization of any enterprise;

4.    Ordering the suspension or revocation of any license, permit, or prior approval granted to any enterprise by any department or agency of the state;

5.    Ordering the forfeiture of the charter of a corporation organized under the laws of the state or the revocation of a certificate authorizing a foreign corporation to conduct business within the state, upon finding that the board of directors or a managerial agent acting on behalf of the corporation, in conducting the

affairs of the corporation, has authorized or engaged in conduct in violation of §§ 812.012-812.037, *Fla. Stat.*, and that, for the prevention of future criminal activity, the public interest requires the charter of the corporation forfeited and the corporation dissolved or the certificate revoked.

e.      Plaintiffs be awarded a judgment eliminating or vacating any recorded lien recorded by, or for the benefit of, the Defendants;

f.      Plaintiffs be awarded a judgment piercing of any limited liability veil;

g.      Plaintiffs be awarded such other and further equitable and legal relief as the Court deems just and necessary.

**Count Seven – Denial of Rights of Access under Americans with Disabilities Act ("ADA")** Violations of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*) and related Florida statutes — By Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential

151.    Plaintiffs reallege and restate paragraphs 1 through 1 - 18, 22, 23 - 30, 73 - 78, and 80 - 84.

152.    The Plaintiff homeowners are "elderly persons" as defined by Section 825.101( 4), *Fla. Stat.*, as persons " ... 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired." The Plaintiff homeowners have mobility, balance, gait, vision, and hearing difficulties. When traveling about in public, many Plaintiff homeowners require the use of either walking canes or sticks, walkers, wheelchairs, audiovisual devices, and hearing aids.

Consequently, many Plaintiff homeowners are "physically disabled," as defined by all applicable Florida and United States laws, and a member of the public whose rights are protected by these laws.

153.    Plaintiff homeowners suffer from low vision and age-related cognitive decline as a "qualified disability" under the ADA as defined in 42 U.S.C. §12012 (1) (A) and in 42 U.S.C. 3602, §802(h). They are substantially limited in performing one or more major life activities, including but not limited to accurately visualizing their world, adequately traversing obstacles and walking without assistance.

154.    The Community clubhouse, lounge, library, billiards room, fitness center, arts and crafts center, pool, jacuzzi spa, tennis court, ballroom with seating for 80, 300 square foot dance floor, card and game room are public accommodations open to the public, is intended for nonresidential use and whose operation affects commerce.

155.    The Plaintiff homeowners live in the Community and visit the Community facilities on a regular basis. Plaintiff homeowners regularly encounter barriers (both physical and intangible) that interfered with - if not outright denied - their ability to use and enjoy the goods, services, privileges and accommodations offered at the Community. Plaintiff homeowners personally encountered the following barriers at the Facility:

       a)    Plaintiff homeowners in wheelchairs or using walkers have been unable to enter the Community Clubhouse. The door is difficult to open because the friction of the two doors requires significantly greater arm and upper body strength;

       b)    The public restrooms located inside the Clubhouse lack necessary wheelchair clearances. The stall door is only 30" wide. Plaintiff homeowners experienced difficulty on many occasions

Page 71

> while trying to use the restroom in the four years preceding this
> action;
>
> c)    Residents in a wheelchair are unable to have access to the pool
> area without going into and through the clubhouse. The pool also
> needs another railing;
>
> d)    Neither pool or the jacuzzi whirlpool spa has a lift.

156.    Plaintiff homeowners were, and continue to be deterred from visiting the Clubhouse because they know that the Clubhouse's goods, services, facilities, privileges, advantages, and accommodations deny full and equal access to Plaintiff homeowners due to their physical disabilities. Plaintiff homeowners have learned that the following additional barriers to their full and equal access exist at the Facility, each of which relates to his or her disabilities:

**Site Entrance Signage**

> a.    Tow-away warning signage was not provided visible from the
> street entrance or accessible parking space.

**Accessible Parking**

> b.    Van accessible signage was not provided for the van accessible
> parking space.
>
> c.    Accessible parking access aisles are not clearly outlined in blue -
> badly needs repainting.

**Exterior Accessible Routes**

> d.    Sidewalk pavers have settled created a tripping and walking
> hazard.

**Accessible Doors**

> e.    Entrance doors do not have the required smooth kick plate 10"

      high on the bottom of the doors. The existing kick plate is only

      8" high.

  f.  The weight of the front doors of the Clubhouse would make it

      impossible for a person in a wheelchair to have access to get in.

**Restrooms**

  g.  Toilet was not offset to be 16"-18" from side wall.

**General**

  h.  Pavers around the pool and hot tub have settled created a

      tripping and walking hazard.

  i.  There are no fire alarms, strobes, horns or sprinkler system in

      the main social events or congregational room.

  157.  Plaintiff homeowners live at the Community and must have ongoing access to the Clubhouse.

  158.  Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential knew or should have known that these elements and areas of the Clubhouse were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential have the financial resources to remove these barriers from the Community without much difficulty or expense, and make the Community accessible to the physically disabled. To date, however, Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential refuse to either remove those barriers or seek an unreasonable

hardship exemption to excuse non-compliance.

159.    At all relevant times, Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential have possessed and enjoyed sufficient control and authority to modify the Community to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design. Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential have not removed the impediments and have not modified the Community to conform to accessibility standards. Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential have intentionally maintained the Community in its current condition and have intentionally refrained from altering the Community so that it complies with the accessibility standards.

160.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

161.    Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential discriminated against Plaintiffs by denying them "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Clubhouse during each visit and each incident of deterrence.

**Failure to Remove Architectural Barriers in an Existing Facility**

162.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature (for example, the difficult-to-open doors into the Clubhouse), in existing facilities where their removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

163.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

164.     Here, Plaintiffs allege that Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential can easily remove the architectural barriers (for example, the difficult-to-open doors into the Clubhouse) at the Community without much difficulty or expense, and that Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential, when it was readily achievable to do so.

165.     In the alternative, if it was not "readily achievable" for Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential to remove the Community's barriers, then Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential violated the ADA by failing to make the required services available through alternative methods )(such as, installing an automatic door), which are readily achievable.

166.    Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential.

**Relief Requested**

Wherefore, Plaintiffs request that:

a.    Judgment be entered in favor of Plaintiffs and against Defendants Larry Maxwell, CRF, CRF Management, Mark Schreiber, Scott Owens, MX Communication, Baytree Partners, Vienna Square HOA, Villas HOA, and Century Residential and request injunctive and declaratory relief.

b.    Plaintiffs be awarded reasonable costs and attorneys' fees;

c.    Plaintiffs be awarded a judgment piercing of any limited liability veil;

d.    Plaintiffs be awarded such other and further equitable and legal relief as the Court deems just and necessary.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial as to all issues triable by jury in this case.

Dated: November 27, 2019.

Respectfully Submitted,

*/S/ Daniel W. Perry*
DANIEL W. PERRY
Fla. Bar No. 376671
4767 New Broad St, #1007
Orlando, FL 32814-6405
Ph: 407-894-9003
Email: dan@danielperry.com
Counsel for Plaintiffs

Page 76