# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHEN BALOGA, ROBERT BAME, *et al.*,

    Plaintiffs,

v.

Case No: 8:19-cv-2936-CEH-AAS

LAWRENCE W. MAXWELL, *et al.*,

    Defendants.

## ORDER

This cause is before the Court on the parties' Amended Joint Motion for Preliminary Approval of Class Action Settlement. (Doc. 64) ("Motion"). The Parties have agreed to a Settlement Agreement and Release ("Settlement") (Doc. 69) of all individual and class action claims asserted in this action by Plaintiffs, individually and on behalf of the Class, against Defendants, the terms and conditions of which are set forth in the executed Settlement that the Parties have previously filed as an exhibit with the Court and were directed to re-file as a standalone document. (*See* Docs. 55-1 and 69) The terms and conditions of the Settlement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the same meanings attributed to them in the Settlement.

The Court held oral argument on the motion (Docs. 67, 71) and has reviewed the Motion and exhibits thereto, the Settlement, the record in this case, and is

otherwise advised on the matter. Pursuant to concerns raised at the oral argument, Plaintiffs revised their proposed class definition to exclude a "disability subclass" and "future" homeowners. The Court certifies, for settlement purposes, a class defined as:

> 2.21 "Settlement Class" means Persons who owned or formerly owned any property in Vienna Square during the time period from November 27, 2015 to June 11, 2021 who were subject to a system assessment and who relied on representations by the Developer Defendants that the property would be a continuing care campus or that their property would be maintenance or worry free. The term "Settlement Class" does not include, and specifically excludes (i) any and all of the Defendants and any entities owned, controlled or affiliated with any of the Defendants, and (ii) any attorneys of record for any of the Parties in the Action.

The Settlement Agreement shall by this Order incorporate the foregoing revised definition by reference.

Upon review, the Court finds that the Parties' Joint Motion for Preliminary Approval of Class Action Settlement is due to be granted.

Accordingly, it is ORDERED AND ADJUDGED as follows:

## I.   PRELIMINARY APPROVAL OF THE SETTLEMENT

1. The parties' Amended Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 64) is GRANTED.

2. The Court preliminarily approves the Settlement as fair, reasonable, adequate, and the result of arms' length negotiations on the part of experienced counsel and mediator. The Parties recognize their respective strengths and weaknesses and are cognizant of the uncertainties of proceeding to trial. The settlement brings finality, certainty, and relief to the Settlement Class.

3.  Defendants do not oppose Daniel W. Perry's service as Class Counsel for settlement purposes. The Court finds that Mr. Perry has vigorously prosecuted the case and ably represented the interests of the Plaintiffs. Based on the considerations in Rule 23, Fed. R. Civ. P., the Court appoints Dan Perry as Class Counsel for the Settlement Class. The Court preliminarily finds that the attorneys' fees, in the amount of $38,115.00, for which Class Counsel will seek approval, are within the reasonable range. Additionally, the Court appoints Stephen Baloga, Robert Bame, James R. Campbell, James Campbell, Linda Davy, Gerald Kruithoff, Richard Mansfield, Jane Petersen, James Rotter, Robert Tattersall, and Katherine Wimer [1] as Class Representatives for the Settlement Class and determines that they have Article III standing.

4.  The Court also preliminarily finds that the plan for distribution of the Settlement is fair and equitable.

5.  The Court orders that notice of the Settlement be given to the Class.

## II.   APPROVAL AND DISTRIBUTION OF NOTICE

1.  The Court approves the form and content of the Notice (both "Long Form" and "Short Form") to be provided to the Class, in the form appended as Exhibit "1" (Doc. 69-1) (Mailed Short Form Notice and Long Form Notice available for download or e-mail and Publication Notice) to the Settlement. The Notices, together

---

[1] Robert Schwegler died during the course of these proceedings.

with an informational website and/or Internet resource weblinks to be established and maintained by the Settlement Administrator and/or Class Counsel, is reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the Action; (b) the terms of the Settlement and the Class members' rights to opt-out of the Class or to object to the Settlement; and (c) the Parties' stipulated amount of Class Counsel's attorney's fees and reimbursement of expenses and costs. The Notice constitutes sufficient notice to all persons entitled to notice. The Notice satisfies all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

2. Class Counsel shall implement the Notice. Specifically, the Court authorizes the Settlement Administrator to distribute the Notice to Class Members, using the form appended as Exhibit "1" ("Mailed Short Form Notice" and "Publication Notice") to the Settlement and approved by this Order. The Court further authorizes Class Counsel or Settlement Administrator to establish an informational website and/or Internet resource weblinks through which Class Members may obtain additional information about the case, including relevant court filings in this case.

3. Class Counsel and the Settlement Administrator shall cause the Notice to be sent to Class Members and to effectuate the plan of Notice as set forth in Sections 2.10 through 2.13 of the Settlement. The Court finds that the Notice is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of the action and of their right to exclude themselves from the Class, and to apprise Class

Members who do not timely exclude themselves from the Class of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing.

4. The Settlement Administrator shall complete the mailing of the Notice (including both the initial mailed Notice and the re-mailing of Notice to Class Members for whom the Settlement Administrator obtains a new address as part of an address trace) **no later than March 9, 2022.** Within ten (10) days after the date the Settlement Administrator completes the mailing of the Notice, the Settlement Administrator shall provide Class Counsel an affidavit that confirms that the Settlement Administrator has timely completed the mailing of the Notice. Class Counsel shall file such affidavit with the Court in conjunction with Plaintiff's motion for final approval of the Settlement.

## III. MOTION FOR FINAL APPROVAL

Plaintiffs shall file their motion for final approval of the Settlement and Motion for Attorney's Fees and Costs on or before **April 13, 2022**.

## IV. FINAL APPROVAL HEARING, OPT-OUTS, AND OBJECTIONS

1. The Court directs that a final approval hearing will take place on **June 10, 2022** at 11:00 a.m., in Courtroom 13A, 801 North Florida Ave., Tampa, FL 33602, before the Honorable Charlene Edwards Honeywell, to determine whether to grant final approval of the Settlement.

2. Any person within the Class who wishes to be excluded from the Class

may exercise their right to opt-out of the Class by following the opt-out procedures set forth in the Notice. To be valid and timely, opt-out requests must be postmarked and mailed to the addresses specified in the Notice **on or before May 11, 2022**. This date by which opt-out requests must be postmarked shall be specified in the Notice. To be considered valid, opt-out requests must include:

    (a)    the full name and address of the person seeking to be excluded from the Class, and the Vehicle Identification Number for that person's vehicle.

    (b)    a statement that such person wishes to be excluded from the Settlement in *Stephen Baloga, Robert Bame, et al., v. Lawrence W. Maxwell, et al.*, 8:19-cv-02936-CEH-AAS; and

    (c)    the signature of the person seeking to be excluded from the Class.

    3.    The Notice shall specify the opt-out deadline. All persons within the Class who do not timely and validly opt-out of the Class shall be bound by the terms of the Settlement and all determinations and judgments in this action concerning the Settlement, including, but not limited to, the releases set forth in section 3.11 and 5.0 *et seq.*, of the Settlement.

    4.    Any person in the Class who does not opt out of the Class may object to the Settlement, and Class Counsel's stipulated fee. Any person so objecting must mail his or her objection to the Clerk of the Court, Class Counsel, and counsel for Defendants, at the addresses indicated in the Notice. For the Court to consider such

an Objection, it must be postmarked no later than **on or before May 11, 2022**. This date by which objections must be postmarked shall be specified in the Notice. The Objection must include the following information:

    (a)    the name of the Action;

    (b)    the objector's full name, address, and telephone number;

    (c)    documentation, such as documents showing their home title, sufficient to establish membership in the Class;

    (d)    a statement of the basis for the Objection, including the factual and legal grounds for the position;

    (e)    copies of any documents supporting the Objection;

    (f)    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the Objection to the Settlement or fee application;

    (g)    any and all agreements that relate to the Objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

    (h)    the number of times in which the objector, the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which such prior objections have been made, and a copy of any orders related to or

bearing upon such prior objections that were issued by the trial and appellate courts in each listed case; and

(i) the objector's signature (an attorney's signature is not sufficient).

5. Plaintiffs and/or Defendants shall file any responses to timely filed Objections **no later than May 20, 2022.**

## V. OTHER DEADLINES

1. All proceedings in this action are hereby STAYED until further order of the Court, except as may be necessary to implement the terms of the Settlement.

2. Upon application of any Party and for good cause shown, the deadlines set forth in the Settlement and this Order may be extended by the Court.

## VI. EFFECT OF FAILURE TO APPROVE THE SETTLEMENT OR TERMINATION

In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment and Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) All of the Parties' respective pre-Settlement claims and defenses will be

preserved;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants, Plaintiffs, or the Class on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

## VII. *CY PRES*

1. Any amounts of the settlement fund remaining in the escrow account of Class Counsel, Daniel W. Perry, Esq., 200 days after Class Counsel distributes all of the checks required to be distributed in accordance with the settlement agreement, (Doc. 69), shall be paid as a donation to the *cy pres* recipient:

> Bay Area Legal Services Inc.
> 1302 N. 19th Street, Suite 400
> Tampa, Florida 33605-5230

Bay Area Legal Services Inc., is an entity "dedicated to providing free civil legal services to qualified and low-income residents and nonprofits throughout the Tampa Bay area." *See* https://www.bals.org/.

2. Class Counsel shall file a notice of remittance of the *cy pres* funds to the

Court within 14 days of such remittance.

## VIII. SUMMARY OF SCHEDULE FOR SETTLEMENT APPROVAL

Based on the foregoing, the Court sets the following schedule for the final approval hearing and the actions that must precede it:

(a) The Settlement Administrator shall mail the notice to all Class Members (including both the initial mailed Notice and the re-mailing of Notice to Class Members for whom the Settlement Administrator obtains a new address as part of an address trace) **no later than March 9, 2022.** Within ten (10) days after the date the Settlement Administrator completes the mailing of the Notice, the Settlement Administrator shall provide Class Counsel with an affidavit confirming compliance with the foregoing mailing timeline. Class Counsel shall immediately file the affidavit of compliance with the Court;

(b) Plaintiffs shall file their Motion for Final Approval of the Settlement and Motion for Attorney's Fees and Costs **no later than April 13, 2022.**

(c) Class Members must file any objections to the Settlement, the motion for final approval of the Settlement or Class Counsel's fee application **no later than May 11, 2022**;

(d) Class Members must mail requests for exclusion from the Settlement **no later than May 11, 2022**;

(e) Plaintiffs or Class Counsel shall file any responses to timely filed

objections **no later than May 20, 2022**; and

  (f) The final approval hearing will be held on **June 10, 2022, at 11:00 a.m.** in Courtroom 13A, 801 North Florida Ave., Tampa, Florida 33602.

  **DONE and ORDERED** in Tampa, Florida, this 7th day of February, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties