IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
TAMPA DIVISION

STEPHEN BALOGA, ROBERT
BAME, et al.,

      Plaintiffs,

Vs.

LAWRENCE W. MAXWELL,
et al.,

      Defendants.
_____/

Case No. 8:19-cv-02936-CEH-AAS
Class Action Representation
And Demand For Jury Trial
Injunctive Relief Sought

## Plaintiffs' Amended[1] Motion For Final Approval
## Of Class Action Settlement

Plaintiffs file this their Amended Motion for Final Approval of the Class Action Settlement ("Settlement") under *Fed.R.Civ.P.* 23(e)(3). A copy of the Settlement Agreement was filed as directed by the Court and incorporated herein by reference (Doc. 69).

**1.**    **The Court Has Certified The Class**

The Court certified, for settlement purposes, a class defined as:

> …. Persons who owned or formerly owned any property in Vienna Square during the time period from November 27, 2015 to June 11, 2021 who were subject to a system assessment and who relied on representations by the Developer Defendants that the property would be a continuing care campus or that their property would be maintenance or worry free. The term "Settlement Class" does not include, and specifically excludes (i) any and all of the Defendants and any entities owned, controlled or affiliated with any of the Defendants, and (ii) any attorneys of record for any of the Parties in the Action.

---

[1] Amended to reflect Defendants' objection to characterization of this as "Joint" motion (Doc. 76).

(Docs. 71-72)

## 2. The Settlement Administrator And Class Counsel Have Implemented The Notice Plan

The Court preliminarily approved the Settlement and Settlement Agreement as fair, reasonable, adequate, and the result of arms' length negotiations on the part of experienced counsel and mediator. (Docs. 71-72). The Court also approved the Notice forms and ordered that Class Counsel implement notice of the Settlement to the Class (Docs. 71-72).

The Settlement Administrator has completed the mailing of the Notice (including both the initial mailed Notice and the re-mailing of Notice to Class Members for whom the Settlement Administrator obtained a new address as part of an address trace) and has provided to Class Counsel affidavits that confirm that the Settlement Administrator has timely completed the mailing of the Notice. (Doc. 74-1 - duplicate Comp. Exh. A is attached and adopted). Class Counsel also set up Internet resource weblinks, which made available to Class Members the Settlement, relevant settlement documents, and will incorporate any Court-approved updates on the status of the Settlement.

## 3. Conclusion

Plaintiffs respectfully request the Court will grant final approval of the Settlement and continue to stay this litigation pending final approval of the Settlement. The Plaintiffs also request that in any Final Judgment approving the

Settlement, the Court should reserve jurisdiction to enforce the full performance of the Settlement Agreement.[2]

## Certificate Of Service and Local Rule 3.01(g)(3) Certification

The undersigned Plaintiffs' Counsel ("Movant") and the Defendants have exchanged emails and had telephone conferences to address the concerns of the Defendants. Shortly after the Defendants' filed objections (Doc. 76), the undersigned provided to the Defendants a full spreadsheet reflecting the efforts of the Settlement Administrator (with the assistance of the undersigned Class Counsel to research additional physical mailing and email addresses of those persons whose mailings were returned as undeliverable). A redacted PDF copy of that full spreadsheet is attached as Exhibit B. One hundred and thirty one (131) of the 187[3] putative class members required no forwarding; ten required forwarding to other physical mailing addresses; ten required forwarding to available email addresses; and 36 were unable to be forwarded to any physical or email address despite research attempts by the undersigned using a specialized contact database (www.ussearch.com).

The Defendants maintain that the Settlement Administrator (and perhaps the undersigned) should submit a renewed affidavit(s) reflecting the details contained in the redacted spreadsheet.

_____ I certify a true and correct copy of the foregoing document has been served

---

[2] The Parties have stipulated to the attorney's fees and costs as part of their Settlement Agreement.

[3] miscounted earlier as 188

upon all counsel of record by CM/ECF Electronic Notification on May 13, 2022.

Respectfully submitted this May 13, 2022.

/s/ Daniel W. Perry
DANIEL W. PERRY
Florida Bar No. 376671
dan@danielperry.com
4767 New Broad St #1007
Orlando, FL 32814-64054
Ph: 407-894-9003
Fax: 407-650-3459
Counsel for Plaintiffs